MATHEWS, Justice.
This is an appeal from a final decree granting a specific performance.
In 1946 the appellants gave a lease to the appellees covering 1,200 acres of land in one parcel and 520 acres in another parcel. The appellants owned or controlled approximately 17,000 acres of land scattered throughout Dade County. The lease provided that the appellees would lease the land for five years and would select at least 1,000 acres out of the two tracts of 1,720 acres by the first of May of each year. The lease also provided that any lands not selected by the appellees from this 1,720 acres (consisting of the two parcels) could be rented by appellants to other tenants.
During the course of the five years immediately succeeding the lease it appeared to have been the custom and practice of the parties for the appellees to go outside of the area of the 1,720 acres contained in the original lease and select other lands. This substitution of other lands was a departure from the terms of the original lease and it is contended by the appellants that this suit was an attempt to obtain specific performance under an oral or verbal departure from the original lease, and that under the Statute of Frauds, the lands should have been described in writing with certainty.
This controversy is with reference to a renewal of the original lease and the ap-pellees contend that by reason of the fact that certain documents were attached to the renewal of the lease, such documents became a part of the renewal and that the question of parol agreements is not involved in this case.
The final decree,' among other things, contained the following:
. “After due notice this cause came on for final hearing, as well as upon plaintiffs’ motion for summary decree, and the Court having considered the entire record and proceedings, including depositions taken by the parties on March 8, 1953, April 30 and May 13, 1953, and the documentary exhibits offered in evidence by the respective parties, and counsel for the respective parties having stipulated orally before the Court that this case should be treated as upon final hearing and said depositions and exhibits considered as evidence, and the Court having considered oral arguments of counsel for the respective parties, as well as briefs submitted by them, thereupon, it is
“Ordered, Adjudged, Decreed and Determined, as follows:
* ■ * * * * • *
“(2) Exhibit 2 attached to the bill of complaint, consisting of six documents legally and physically united and in- ■ corporated together, between the plaintiffs, Frederick C. Peters and Berenice T. Peters, and the defendant, South Dade Farms, Inc., a Florida corporation, recorded on April 26, 1951, in Deed Book 3431, pages 403 to 415, both inclusive, of the public records of Dade County, Florida, constitutes a comprehensive, integrated, valid contract. The plaintiffs are entitled to a decree of specific performance of said comprehensive and integrated contract. * * *»
The six documents mentioned by the Court in the final decree are: (1) July 1, 1946 — Original five-year lease for the term beginning May 1, 1947, and ending April 30, 1952; (2) July 1, 1946 — Letter from South Dade Farms to Mr. and Mrs. Peters relating to payment of rent through exchange of property; (3) July 1, 1946— Letter from South Dade Farms to Mr. Peters; (4) July 5, 1946— Letter from South Dade Farms to Peters giving Peters the option to extend the five-year lease for an additional five-year period; (5) October 31, *892 1950 — Letter from' South Dade Farms, Inc., to F. C. Peters, reading as follows:
“With reference to extension of your present lease of a minimum of 1,000 acres, should you desire to extend same under the same terms and conditions as the' previous five years which expires May 1, 1952, we agree to extend the terms and' conditions as set forth in the said lease; and also to give you a letter that in the actual yearly location the selection shall be made as we have done in previous years.
“Yours very truly,
“South Dade Farms, Inc.
“By. /s/ James Sottile, Sr.
“James. Sottile, Sr., President”;
and (6) April 14, 1951 — Formal document signed by lessees and lessors, under seal, attested by two subcribing witnesses and acknowledged and recorded, which unites and integrates the six documents into a comprehensive all-mclusive contract. This document declares that the original lease of July 1, 1946, “by appropriate instruments in writing, said lease was implemented”. The formal obligating parts of this contract contain the following important sentence:
"All the terms and provisions of the aforesaid lease, as implemented by written documents, be and the same are hereby declared to be in full force and effect for such extended period.”
The six documents mentioned and identified' constitute a part of the renewal of the lease and the decree of the Chancellor in so holding was correct. United States Rubber Products, Inc., v. Clark, 145 Fla. 631, 200 So. 385; 17 C.J.S., Contracts § 299, p. 716.
The record shows sufficient consideration for any modifications of the original lease embodied in the renewal.
If nothing more, prepaid rent for the land for the 1956-1957 season; which the landlord still' retains, was sufficient consideration. ‘
We have examined and considered all of the other assignments of error, together with the record, oral arguments and briefs, and' find that they are without merit, and that the appellants have not made it to appear that the Chancellor committed any reversible error.
Therefore, this cause should be and is hereby
Affirmed.
ROBERTS, C. J., and TERRELL and SÉBRING, JJ., concur.