PEARSON, Judge.
Sophie K. Ruza, the divorced wife of Joseph M. Ruza, sued his estate to collect certain money claimed to be due her. The trial judge, upon motion, entered a summary final judgment for the plaintiff. Defendant appeals.
The appellee and the deceased, Joseph M. Ruza, were at one time husband and wife. They resided in the State of New York. As a result of proceedings in that state, not revealed by the record, the wife secured two money judgments against her husband. Some time later the wife instituted an action for divorce against the husband in Dade County, Florida. After personal service upon the husband and pursuant to stipulation of the parties, the court in an interlocutory order decreed that the judgments of the wife “are hereby established as decrees and judgments of this court and enforceable by equitable and legal remedies in the same manner as decrees and judgments of this court; Sophie Koppelman Ruza shall have and recover against Joseph M. Ruza the sum of $8,-158.07, with 6% interest from April 15, 1955, and the sum of $3,150.00 together with interest at the rate of 6% from June 29, 1955.” In the final decree, which was entered several months later, the court provided :
“3. That the cross-plaintiff shall pay to the cross-defendant as lump *431 sum alimony the sum of five thousand •dollars, to be paid at the rate of fifteen dollars per week.
“4. That the cross-plaintiff shall pay to the cross-defendant on account of the New York judgment heretofore made a decree of this court, the sum of ten dollars per week until the ■same is fully discharged.”
Shortly after the rendition of this final decree, the appellee wrongfully killed the ■said Joseph M. Ruza. She was convicted •of the crime of manslaughter. On February 20, 1957, the appellee filed her claim .against the estate of Joseph M. Ruza, deceased, for the following sums:
(a) $8,158.07 with 6% interest from April 13, 1955.
(b) $3,150.00 with 6% interest from June 29, 1955.
(c) $5,000.00 lump sum alimony due under final decree dated May 8, 1956.
The appellant-administrator filed his obj ection to the appellee’s claim, and the common law action with which we are now ■concerned resulted. The summary judgment, which is now appealed, sustained the ■appellee’s complaint and allowed her recovery upon the three items designated “a”, '“b”, and “c”, above.
The appellant urges that recovery us barred to the appellee by the principle, ■that no person should be permitted to benefit from his own wrong. See Carter v. ‘Carter, Fla.1956, 88 So.2d 153, and cases cited therein. The appellee in oral argument before this court has conceded that the principle stated bars recovery upon ■item “c” above set out. It will be observed that while this item was designated in the decree as “lump sum alimony” it was actually alimony payable in weekly installments. It was not a debt of the •deceased for which he was then liable ¡but an obligation to be incurred periodically. To allow the appellee to accelerate the obligation would be in itself allowing her to profit by her wrong. Inasmuch as the amount of $5,000 was not a debt of the deceased at the time of his death it cannot be made such a debt by the wrongful act.'
Upon the other hand, the indebtedness set out in items “a” and “b” were preexisting debts and the provision for equitable enforcement was an additional remedy and not a limitation upon their existence. Therefore the appellee did not profit by her wrong but deprived herself of the equitable remedy.
An additional question presented by the appellant urged that appellee is precluded from recovery by a finding of fact contained in the decree of divorce between Joseph M. Ruza and Sophie K.'Ruza, to the effect that she had at the time of marriage released any rights that she may have had in the estate of Joseph M. Ruza. The record in the case appealed does not include the release referred to in the recital in the final decree. We must therefore presume that it did not bar the recovery of the judgments which were entered in the courts of the State of New York and later established as judgments of the circuit court in this state. The final judgment from which this appeal is taken comes to us with a presumption of validity as to its basis as well as its propriety. Lott v. City of Orlando, 142 Fla. 338, 345, 196 So. 313, 315.
For the reasons set out in the discussion of appellant’s first point, the judgment appealed is affirmed as to items “a” and “b” therein and reversed as to item “c”. The cause will therefore be remanded for the entry of an amended judgment from which the item: “(c) $5,000.00 with 6% interest from the date of this judgment,” will be stricken.
Affirmed in part and reversed in part.
CARROLL, CHAS., C. J., and FIOR-TON, J., concur.