107 So.2d 30 (1958)
SOUTH DADE FARMS, Inc., a Florida Corporation; and The Connecticut Mutual Life Insurance Company, a Connecticut Corporation, Appellants,
v.
Frederick C. PETERS and Berenice T. Peters, Appellees.
Supreme Court of Florida.
December 3, 1958.
*31 Caldwell, Parker & Foster, Tallahassee, and Ward & Ward, Miami, for appellants.
C.A. Hiaasen and McCune, Hiaasen, Kelley & Crum, Fort Lauderdale, for appellees.
THORNAL, Justice.
By interlocutory appeal the appellants, who were defendants below, seek reversal of an "Order to Show Cause" issued by the Chancellor in a post-decretal proceeding. This is the fourth aspect of the instant matter which has been before this court. South Dade Farms, Inc. v. Peters, Fla. 1953, 69 So.2d 890; South Dade Farms, Inc. v. Peters, Fla. 1956, 88 So.2d 891; Alger v. Peters, Fla. 1956, 88 So.2d 903.
Following our mandate in South Dade Farms, Inc. v. Peters, Fla. 1956, 88 So.2d 891, the appellees, who were plaintiffs in the lower court, filed a petition for the enforcement of the final decree of that court entered on June 5, 1953. This was the decree originally considered by this court in South Dade Farms v. Peters, Fla. *32 1953, 69 So.2d 890. By this petition the appellees set forth numerous factual allegations which in their view justify post-decretal relief, grounded on the original final decree of June 5, 1953. Pursuant to the prayer of the petition the trial judge on August 27, 1957 issued an "Order to Show Cause" directing the appellants to file their sworn responsive pleadings showing cause why the relief sought in the petition of the appellees should not be awarded.
The appellants were allowed thirty days within which to file such responsive pleadings. Appellants immediately filed a notice of interlocutory appeal directed to the Order to Show Cause. They filed no response to the petition and in no way assaulted the petition. Reversal of the Order to Show Cause is sought by this interlocutory appeal.
It is the contention of the appellants here that the Chancellor had no authority to issue the Order to Show Cause.
The appellees take the position that the Order to Show Cause is nothing more than a form of process issued by the Chancellor to initiate the exercise of jurisdiction pursuant to their petition for enforcement of the final decree.
Although the Order to Show Cause was entered after July 1, 1957, we have taken jurisdiction pursuant to the rule announced in Armenian Hotel Owners, Inc. v. Kulhanjian, Fla. 1957, 96 So.2d 896. We do this with justification for the reason that implicit in any order which the Chancellor might enter is the proposition that he will necessarily be compelled to consider and apply the mandates of this court filed pursuant to the decisions of this court disposing of the prior appeals in this particular case. In view of the inherent authority of the court to see to it that its own mandates are properly complied with we have consistently taken jurisdiction of matters of this nature even though in particular cases the order of the trial court under assault would not otherwise fall within the constitutional jurisdiction of this court.
The original complaint which instituted the proceeding culminating in the final decree of June 5, 1953 was a complaint for specific performance as well as declaratory relief. The final decree contained provisions directing specific performance of a certain lease and likewise construed the lease in accord with the prayer for declaratory relief.
The post-decretal petition of the appellees in the instant matter seeks various types of relief supplemental to the final decree. The Order to Show Cause which is now under assault was nothing more than the initial process issued by the Chancellor to bring the appellants before him and to accord to them the opportunity to respond to the petition or otherwise assault it.
We here interpolate the view that pursuant to this Order to Show Cause the appellants shall have the privilege of assaulting the sufficiency of the petition as a matter of law as well as the privilege of answering the same on the facts if they are so advised.
It is well established that this court will not undertake to pass upon questions until after the trial judge has had an opportunity to consider the same. City of Lake Worth v. First Nat. Bank in Palm Beach, Fla. 1957, 93 So.2d 49; Mariani v. Schleman, Fla. 1957, 94 So.2d 829; Lee County Oil Company v. Marshall, Fla. 1957, 98 So.2d 510.
As the record now stands the Chancellor has not yet had an opportunity to pass on the merits of the petition or the merits of any assault which the appellants may make on the petition. He has granted no relief whatever to either party. Actually, no issues of fact or questions of law have been presented to him for consideration. He has merely issued an order which *33 would bring the appellants before him with an opportunity to defend against the petition of the appellee. We think it would be entirely premature on our part to undertake to pass upon the merits of the petition before any assault is made thereon by the appellants or before the trial judge has had an opportunity to rule upon it in the light of such assault. Any effort on our part in this direction would constitute merely an advisory opinion on a matter pending in a trial court. Such is not within our authority. The procedure followed by the appellees is within the authority of Chapter 87, Florida Statutes, F.S.A., known as the Declaratory Judgments Act. We think it is authorized by our own opinion in Garden Surburbs Golf & County Club v. Pruitt, 156 Fla. 825, 24 So.2d 898, 170 A.L.R. 1107. A very constructive and enlightening discussion of this type of proceeding will be found in Thomas v. Cilbe, Inc., 1958, 104 So.2d 397, a decision of the District Court of Appeal of Florida, Second District.
We have not lost sight of the fact that we have denied a motion to dismiss this particular appeal. When that motion came on for hearing we had the view that it would be well to examine the matter with more detailed attention than we could give it on a preliminary motion. Hence we denied the motion to dismiss. After a thorough consideration of the record we find that we can reach no conclusion other than the one we here announce.
We wish to emphasize that we have not in any respect considered the actual merits of the petition filed by the appellees. This opinion is not to be construed as any holding that the petition is meritorious or that it necessarily lays the foundation for the relief thereby sought. Neither do we pass on such questions as the appellants' entitlement to a trial by jury or the extent of the relief, if any, that can be awarded to the appellees pursuant to their petition. We have here considered merely the procedural aspects of the matter. To that end we hold that the trial judge committed no error in issuing the Order to Show Cause pursuant to the petition of the appellee. This is the Order under assault which is hereby 
Affirmed.
It is so ordered.
TERRELL, C.J., and THOMAS, HOBSON and O'CONNELL, JJ., concur.