PEARSON, TILLMAN, Chief Judge.
Joseph M. Ruza died intestate. Sophie Ruza is his divorced wife, who holds certain judgments against Joseph M. Ruza.[1] Stanley Ruza and Martin Ruza are the children of Joseph M. Ruza, deceased. The estate of Joseph M. Ruza consisted of approximately $680 cash in banks to which was added by the administrator, without objection of the children who were the sole heirs of the deceased, the proceeds of a life insurance policy upon the life of the deceased which was payable to the estate. From these assets there was paid with full knowledge of the heirs, the cost of administration of the estate and the costs of the collection of the $10,000 insurance proceeds.
The deceased is indebted to the United States for gift taxes incurred in 1954, 1955 and 1956. These taxes were assessed on June 19, 1959 and, although the time for filing a claim in the estate of Joseph M. Ruza had expired under the provisions of section 733.16(1), Fla.Stat., F.S.A.[2], the United States petitioned the county judge’s court for payment of the government’s claim out of the assets of the estate. The county judge ordered payment of the claim from the insurance proceeds.
Sophie Ruza filed her appeal from the last mentioned order and asserts here that the order was error because the United States was barred by delay and failure to prosecute its claim against the grantees under the provisions of section 6324(b) of the Internal Revenue Code, 1954, 26 U. S.C.A. § 6324(b), and upon the further ground that the claim of the United States is barred by the failure of the United States to file the claim within eight months, as provided by Florida law.[3] Thereafter Stanley Ruza and Martin Ruza, the children and heirs of Joseph Ruza, deceased, who were appellees in the appeal brought by Sophie Ruza, filed their appeal from the same order and urge error in this court upon the ground that the order entered improperly ignored section 222.13, Fla.Stat., F.S.A. which provides, among other things, that where a person dies intestate leaving the proceeds of an insurance policy payable to his estate, that the proceeds of the policy shall: “ * * * be paid to the personal representative of the insured’s estate for the benefit of the surviving child or children and husband or wife in equal proportions * * We cannot find in the record that this point was ever presented in the county judge’s court and, therefore, conclude that it is urged for the first time in this court.
Examination of the record in the light of the briefs in the appeal of Sophie Ruza, reveals no error. See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283. The cited case states that a claim of the United States is not barred by a state’s non-claim statute. However, this rule is not applicable or of benefit to the United States for the obvious reason that the funds claimed never became a part of the estate.
Under ordinary circumstances, error may not be urged in the appellate court upon matters not presented to the trial court. E. g., South Dade Farms v. Peters, Fla.1958, 107 So.2d 30; Nelson v. Cravero Constructors, Inc., Fla.App.1960, 117 So.2d 764, 766. In this instance, it appears that the parties have treated certain funds as assets of the estate contrary to the provisions of the Florida Statutes. Since, under this statute, the proceeds of the insurance policy never became an asset of the estate, it is necessary for us to hold that *310 the persons entitled to these proceeds have not waived their right to the remainder of said funds by their failure to assert such a claim in the estate. Therefore, the order appealed is affirmed upon the appeal of Sophie Ruza, and upon the appeal of Stanley Ruza and Martin Ruza the cause is remanded to the county judge’s court for a ruling in accord with section 222.13, Fla. Stat., F.S.A.
Remanded.

. See Morgenstern v. Ruza, Fla.App.1958, 101 So.2d 429.

. “ * * * Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * *

.See footnote 2, supra.