UNITED STATES OF AMERICA, Appellant, v. BERTHA P. EMBREY, as Administratrix of the Estate of Edwin Tyler Embrey, deceased, Appellee.

199 So. 41

En Banc

Opinion Filed December 10, 1940

278

*Francis Biddle,* Solicitor General, *Samuel O. Clark, Jr.,* Assistant Attorney General, *Sewall Key* and *Oliver W.*

*Hammond,* Special Assistants to the Attorney General, for Appellant;

*C. A. Boswell, Jr.,* for Appellee.

TERRELL, C. J.—Edwin Tyler Embrey died October 27, 1936, and his wife, Bertha P. Embrey, was appointed administratrix of his estate. The first notice to creditors as required by law was published by the county judge December 2, 1936. September 7, 1937, proof of claim of the United States for income taxes was delivered to the administratrix but it was not filed with the county judge at that time. January 25, 1939, the United States filed said claim with the county judge and moved that it be declared superior to all other claims pursuant to Section 3466, Revised Statutes of the United States. The motion was denied and on appeal to the circuit court the judgment of the county judge was affirmed. This appeal is from that decree.

The question presented is whether or not under Section 3466, Revised Statutes of the United States, the probate judge was warranted in refusing the claim of the United States because it was not filed within the time required by Section 120 of Chapter 16103, Laws of Florida, better known as the Probate Act of 1933, the pertinent part of which is as follows:

"No claim or demand, whether due or not, direct or contingent, liquidated or unliquidated, . . . shall be valid or binding upon an estate, or upon the personal representative thereof, . . . unless the same shall be in writing . . . and be filed in the office of the county judge granting letters. Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void . . ."

This Act was considered in United States v. Summerlin, 140 Fla. 475, 191 So. 842, and we there held that it was a statute of non claims for the orderly and expeditious set-

tlement of estates and that if a claim is not filed within the time required, it was void as the statute provides even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon.

On appeal to the Supreme Court of the United States, the judgment of this Court was reversed in so far as it "goes beyond the question of the jurisdiction of the probate court and purports to adjudge that the claim of the United States is void as a claim against the estate of the decedent because of failure to comply with the Statutes" in filing the claim, it being admitted that this was not done. United States v. Summerlin, decided May 27, 1940, 310 U. S. 414, 60 Sup. Ct. 1019, 1021, 84 L. Ed. 1283.

The decision of the Supreme Court of the United States was predicated on cases cited by it in the Summerlin case including Section 3466, Revised Statutes of the United States, the apt part of which is as follows:

"Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied; and the priority hereby established shall extend as well to cases in which a debtor, not having sufficient property to pay all his debt, makes a voluntary assignment thereof."

Appellee contends that the judgment appealed from should be affirmed on the theory that the probate judge had no jurisdiction to consider the claim of the United States filed after eight months as the probate Act requires. This contention is predicated on the holding in United States v. Summerlin, *supra*, to the effect that the United States still had its right of action against the administrator even if the Florida probate court had no jurisdiction to receive a claim after the expiration of the specified period.

We do not so construe Section 120 of the Probate Act.

Section 17, Article V of the State Constitution among other things provides that the county judge shall have jurisdiction of the settlement of the estates of decedents and minors. The passing of the time for filing claims against such estates does not affect the jurisdiction of the county judge over them. If filed after the time required, he would still have jurisdiction to receive and determine whether or not they were void as the Act declares.

The probate judge cannot abrogate jurisdiction vested in him by the Constitution. In a case like this, we think the United States should take its place with all other creditors in like situation but the dominant authority says nay, so we respectfully bow to it and hold it to be the law in this jurisdiction. The effect of this holding is to make the United States an exception to the rule defined by this Court in United States v. Summerlin, *supra,* but the jurisdiction of the probate judge is in no sense affected.

It follows that as to all claimants but the United States, if filed after eight months, it would be the duty of the probate judge to declare them void but as to the United States since it is not bound by laches or State statutes of non claims, it would be his duty to permit them to be filed and consider them along with other claims against the estate. United States v. Summerlin decided May 27, 1940   United States v. Knott, 298 U. S. 544, 56 Sup. Ct. 902, 80 L. Ed. 1321; Spokane County v. United States, 279 U. S. 80, 49 Sup. Ct. 321, 73 L. Ed. 621; Field v. United States, 9 Pet. 182, 9 L. Ed. 94.

For the reasons stated, the judgment appealed from is reversed with directions to permit the claim of the United States to be filed and proceed accordingly.

Reversed.

WHITFIELD, CHAPMAN, BUFORD and THOMAS, J. J., concur.