GENERAL PROPERTIES COMPANY, INC., a Florida corporation, v. RELLIM INVESTMENT COMPANY, a Florida corporation, et al.

9 So. (2nd) 295            Division A
July 17, 1942       Rehearing Denied July 29, 1942

Rinehart & Carroll and Charles A. Carroll, for petitioner.

Thos. H. Anderson and Edward L. Semple, for respondents.

ADAMS, J.:

This case is before us on petition for certiorari under Rule 34 of this Court to review an order denying a motion to dismiss a bill in equity. The bill seeks to enjoin the defendant, City of Coral Gables, from taxing plaintiff's property because of remoteness and lack of benefits. The bill also for the same reason

seeks to cancel city tax certificates now owned by the defendant, General Properties Company. The bill seeks also discovery as to the amount paid for the certificates. There is no offer in the bill to redeem the certificates.

The property here involved was incorporated by legislative act in 1925 into the City of Coral Gables. Chapter 10418, Special Laws of 1925. In 1926, the municipal corporation issued its general bonds totaling over four and one half million dollars for general municipal purposes. For a time, the municipality thrived and prospered; with the collapse of the boom it sustained severe reverses. Such was the plight of the City until the filing of this amended bill in December of 1941. It is alleged that plaintiff's property was rural and not necessary or suitable for the development of the City in 1925 and at all times subsequent thereto. It is alleged that the City is unlawfully usurping the functions of government over the area in question and has issued tax certificates thereon (the date is not stated) and that same are now held by defendant and petitioner here, General Properties Company.

The first question is whether there was equity in the bill to cancel the certificates. This Court has approved this method of procedure for relief provided the plaintiff is not estopped. City of Sarasota v. Skillin, 130 Fla. 724, 178 So. 837. As to whether plaintiff is estopped by the lapse of time we may consider whether the statute of limitations on actions at law are applicable and if so, whether sufficient time has run to constitute a defense because equity will ordinarily follow the law. If therefore, plaintiff had prosecuted an action at law, he might have been

barred by the four year statute of limitations. Section 4663, Compiled General Laws of 1927. Quo warranto proceedings are prosecuted by the State and the statute of limitations will not ordinarily run against the State; yet where the action is to enforce a purely personal right, the statute will apply. People v. Boyd, 132 Ill. 60, 23 N.E. 342 (affirming 30 Ill. App. 60) People v. City of Los Angeles, 269 Pac. 934, 93 Cal. App. 532. Furthermore it appears to us that by plaintiff's unexplained delay for more than fifteen years to seek relief, he is estopped in equity from now claiming relief to nullify the certificates. It is true the certificates do not appear to be over four or even fifteen years old. However, we may indulge that assumption by construing the pleading against the pleader.

The next question is whether there was equity in the bill for discovery of the consideration paid for the certificates the evident purpose being to determine whether plaintiff would desire to redeem same if they should be held valid tax liens. So far as this bill shows this information might be obtained without resorting to discovery in equity. The bill does not affirmatively disclose the full character of the certificates. It is true this Court held in Lang, et ux., v. Quaker Realty Co., 131 Fla. 179, 179 So. 144, that plaintiff, in foreclosing city tax certificates, was limited to the amount paid for same plus interest. (Such interest does not mean penalties fixed by statute but implied rate of eight per cent per annum. Hyland v. Rodney on petition for clarification 142 Fla. 319, 195 So. 574.) This Court has recently held, consistent with the Quaker Realty case, that if the amount to redeem is fixed by contract or statute,

equity will not deviate therefrom. Boston and Florida Atlantic Coast Land Co. v. Alford, 150 Fla. 296, 8 So. (2nd) 483.

With the limited allegations in the bill with reference to the character of the certificates, we are unable to pass upon the right to redeem at less than the face of same with interest and penalties.

It was error to deny the motion to dismiss. The plaintiff should be allowed an opportunity to amend if it desires.

The writ is granted and the challenged order is quashed.

BROWN, C. J., WHITFIELD and BUFORD, JJ., concur.