FLORIDA INDUSTRIAL COMMISSION (D. J. Allen, Deceased), v. FELDA LUMBER COMPANY and T. E. MASTIN & COMPANY.

18 So. (2nd) 362            January Term, 1944
June 9, 1944                    En Banc

*Allen Clements* and *Raymond E. Barnes* and *William Barfield* for appellant.

*Henderson, Franklin, Starnes & Holt,* and *Parker Holt,* for appellees.

BUFORD, C. J.:

On October 16, 1939 D. J. Allen was injured while engaged in the course of his employment. Shortly after the injury Allen died. No alleged dependents filed claim for compensation within one year from date of injury or from date of death of Allen. On October 30, 1942 Florida Industrial Commission advised employer that hearing would probably be held to determine whether or not Allen's death was caused by the injury. On February 12, 1943, an investigation and hearing was conducted by a deputy commissioner for the purpose of determining whether or not the Florida Industrial Commission was entitled to statutory contribution

to the Commission of the sum of $500.00 by the employer and carrier because of the death of Allen under the provisions of Section 440.16 (2) (g), Fla. Stat. 1941, (same F.S.A. 1941) which sub-section reads as follows:

"If the deceased employee leaves no widow or widower or no dependents entitled to compensation hereunder, five hundred dollars shall be paid to the Florida Industrial Commission and no other compensation or benefit, except funeral expenses provided in sub-section (1) hereof, shall be due or payable, and no compensation shall be payable to the personal representative, estate or anyone else on account of said death. Said sum shall become a part of the administrative fund of the commission provided for in No. 440.50."

At the hearing, supra, the employer and carrier appeared and controverted the claim on the following grounds, viz:

"1. That death was not caused by accident or injury within the meaning of this act.

"2. That no claim was filed within the time required by law.

"3. There is no liability on the part of the employer or its carrier to the State of Florida or any persons, because any claims of any nature are barred by the Statute of Limitations."

In support of the position stated in grounds 2 and 3, supra, reliance is based on Sec. 440.19 (1), which is as follows:

"(1) The right to compensation for disability under this Chapter shall be barred unless a claim therefor is filed within one year after the time of injury and the right to compensation for death shall be barred unless a claim therefor is filed within one year after the death, except that if payment of compensation has been made without an award on account of such injury or death a claim may be filed within one year after the date of the last payment. Such claim shall be filed within the commission."

Pursuant to hearing, the deputy commissioner entered his finding and award in effect as follows: (1) That the death óf the deceased D. J. Allen was a result of an injury by accident arising in and out of the course of his employment. (2)

That the statute of Limitations did not run against the Florida Industrial Commission, a state agency. (3) That the Florida Industrial Commission was entitled to $500.00.

On appeal to full Commission the findings and award of the deputy commissioner were affirmed in toto.

On appeal to the circuit court the findings and award of the full Commission were reversed in part and affirmed in part by an order inter alia, as follows:

"That the finding of the Full Commission affirming the Order of the Deputy Commissioner entered herein on the 27th day of February, 1943, to the effect that the statutory limitation of one year for making claim does not apply to the Florida Industrial Commission and in making Five Hundred ($500.00) Dollars statutory award to the Florida Industrial Commission be, and the same is, hereby reversed.

"2. That the finding of the Florida Industrial Commission affirming the award of the Deputy Commissioner entered herein on February 27, 1943, to the effect that the injury suffered by the deceased employee herein arising out of and in the course of his employment was a direct and proximate cause of the death of the deceased employee herein, be, and the same is hereby affirmed."

So it affirmatively appears that the deputy commissioner, the full Commission and the circuit court found and held that death was due to injuries received under conditions resulting in liability upon the employer and carrier, but the circuit court reversed the holding of the full Commission as to the enforcement of liability by holding that the enforcement of the claim was barred by the provisions of Section 440.19 (1) supra.

It is not necessary to discuss the evidence on which the deputy commissioner, the full Commission and the circuit court respectively found the employer and carrier liable. It is sufficient to say that it has not been made to clearly appear that the circuit court committed error in this regard and, therefore, the judgment in this respect is affirmed.

We are unable to concur in the finding and judgment of the circuit court, viz:

"1. That the finding of the Full Commission affirming the Order of the Deputy Commissioner entered herein on the 27th day of February, 1943, to the effect that the statutory limitation of one year for making claim does not apply to the Florida Industrial Commission and in making Five Hundred ($500.00) Dollar statutory award to the Florida Industrial Commission be, and the same is, hereby reversed."

It is our view that no claim for compensation is involved here and that Section 440.19 (1) has no application to the right of the Commission to enforce the payment of the $500.00 contribution or levy fixed by Section 440.16 (2) (g), supra. The Florida Industrial Commission is an agency of the sovereignty and acts for the State. It collects this statutory contribution as and for the State.

In the case of State v. Vinther, 29 Pac. (2nd) 693, the Supreme Court of Washington, in a case of this kind, said:

"The act as a whole is the exercise of a governmental function in the fullest sense of the word, having its support in the police power of the State. The contention of the respondent that the accident fund is a private fund, contributed to by private persons, is hardly consistent with the declared purposes of the act, and was disposed of by this Court in State ex rel. Davis-Smith Co. v. Clausen, 65 Wash. 156, 117 Pa. 11-1, 1116, 37 L.R.A. (N.S.) 466. In that case one of the grounds urged against the constitutionality of the act was that it violated the provisions of the Constitution designed to secure equal and uniform taxation of property for public purposes. In meeting this objection, the court said: 'It is manifest that it is not a "tax" in the sense the word is used in the sections of the Constitution to which reference is here made. No accession to the public revenue, general or local, is authorized or aimed at. The purpose of the exaction is entirely different. It is to be used, not to meet the current expenses of government, but to recompense employees of the industries on whom the burden is imposed for injuries received by them while engaged in the pursuit of their employment. It is the consideration which the owners of the industries pay for the privilege of carrying them on. It is, therefore, in the nature of a license tax, and can be justified

on the principle of law that justifies the imposition and collection of license taxes generally."

It is nowhere apparent that there is any statute of limitations applicable to the Commission in the exercise of its power to collect the contribution here sought to be enforced. If we had entertained any doubt as to the intent of the Legislature in this regard it should have been removed by the wording of the Act. The Act provides that the claim for compensation shall be barred unless claim therefor be filed with the Commission within one year after the injury. The State (the Commission) may only collect the contribution of $500.00 in the event there is no widow or dependents entitled to compensation. Therefore, such contribution may not be enforced until the time shall have expired in which a widow or dependent may appear and make claim for compensation.

Unless a statute of limitation in terms is made to apply to the State, it will not be held applicable to demands enforceable by the State. See State v. Vinther, supra, and cases there cited.

So, we hold that the enforcement of the statutory contribution in this regard is not barred by the limitation relied upon by appellee or by any statute of limitations of this State.

In this latter regard, the judgment of the circuit court is reversed and the cause remanded with directions that judgment be entered affirming the judgment of the full Commission.

It is so ordered.

TERRELL, BROWN, CHAPMAN, ADAMS and SEBRING, JJ., concur.

THOMAS, J., dissents.