Action by Millard Caldwell, as Governor of the State of Florida, and another, against L.C. Heidt, as administrator of the estate of Dorothy Young, deceased, to recover for maintenance of deceased while committed to the Florida Hospital for the Insane. From a judgment for the plaintiff, defendant appeals.
Affirmed.
The County Judge's Court of Hillsborough County, Florida, on April 23, 1923, adjudged one Dorothy Young, a white female 28 years of age, insane and committed her to the Florida Hospital for the Insane for safekeeping and treatment, where she remained continuously until her death on August 3, 1936, without change or changes in her mental condition. This incompetent and her mother had the same name, to-wit, Dorothy Young. The mother, Dorothy Young, Sr., died intestate on *Page 304 
July 9, 1926, the owner of described real and personal property situated in Hillsborough County, Florida. This property, by operation of law, descended to the heirs of Dorothy Young, Sr., among them being the incompetent, Dorothy Young, Jr., and L.C. Heidt, a son of Dorothy Young, Sr., and half-brother of the incompetent, Dorothy Young, Jr.
The appellant, L.C. Heidt, in 1926 was named guardian of his mother, Dorothy Young, Sr., and as such paid out of his mother's property certain items of indebtedness incurred by her. The appellant, L.C. Heidt, had full knowledge of the property holdings of his mother and that his half-sister, Dorothy Young, Jr., as a matter of law, was entitled to a share thereof. It is shown that Dorothy Young, Jr., never recovered from her mental illness and died at the State Hospital at Chattahoochee and there buried — at the direction of L.C. Heidt. The appellant did not pay or offer to pay hospitalization costs of his half-sister nor inform the appellees, or any one in their behalf, of the property holdings of Dorothy Young, Jr., at the time of her death in 1936. The appellees, in the year 1942, immediately, upon learning of the deceased's estate, took steps to collect from the estate costs of maintenance of Dorothy Young, Jr. The appellant qualified as a representative of the Dorothy Young, Jr., estate on November 30, 1942, pursuant to a notice that the State of Florida, as a creditor, would apply for Letters of Administration.
The Board of Commissioners of State Institutions of the State of Florida, within the eight months period after publication of notice to creditors, filed with L.C. Heidt, as administrator of the estate of Dorothy Young, Jr., a claim or statement dated November 26, 1943, in behalf of the Florida State Hospital for the Insane in the sum of $10,567.18 for the maintenance of Dorothy Young, Jr., covering the period of time for April 23, 1923, until August 3, 1936, date of the death of Dorothy Young, Jr. The sum of $10,567.18 included the principal sum, with interest thereon, due by Dorothy Young, Jr., estate to the State of Florida for her maintenance from April, 1923, until her death in 1936 and to the date of filing the claim with the administrator. The administrator declined to pay the claim and suit was filed in the Circuit Court of Hillsborough County by the appellees, resulting in a judgment in their behalf. The defendant below appealed.
It is contended that the judgment entered below should be reversed here for various reasons, to-wit: (1) There is no legal liability for the costs of maintenance of an indigent at the Florida Hospital for the Insane; (2) if such liability does exist then the claim or demand is barred by our three-year statutes of limitations; (3) the State of Florida is guilty of laches and for said reason the judgment is erroneous; and (4) there is no evidence in the record establishing the value of the maintenance from 1923 until 1936.
In support of the contention that there is no legal liability for the costs of maintenance of an indigent at the Florida Hospital for the Insane, counsel cites Section 1 of Article 13 of the Constitution of Florida, F.S.A. Const., which provides that institutions for the benefit of the insane, blind and deaf, and such other benevolent institutions as the public good may require, shall be fostered and supported by the people of Florida, subject to such regulations as may be prescribed by law. It is not necessary to consider the many Acts of the Legislature enacted pursuant to Section 1 of Article 13 of the Florida Constitution, supra, but only such acts as were in effect and applicable in 1923, the time when Dorothy Young, Jr., was admitted to the Florida Hospital for the Insane. It is our view and conclusion that Section 5 of Chapter 4357, Acts of 1895, Laws of Florida, is here controlling and it in part provided that incompetents financially able to pay the costs of their maintenance at the Florida State Hospital should be required so to do and the duty and responsibility of enforcing this provision of the Act rested on the Board of Commissioners of State Institutions of the State of Florida. We fail to find merit in this contention.
It is next contended if a legal duty or obligation to pay the costs of maintenance at the Florida Hospital exists, *Page 305 
then no recovery in the case at bar can be had as the State's claim for compensation was not presented within three years and therefore is barred by the statute of limitations. In the case at bar the State of Florida was the real plaintiff in interest. Section 17 of Article 4 of the Constitution of Florida makes the Governor of Florida and the Administrative Officers of the Executive Department the Board of Commissioners of State Institutions. In the case of Florida Industrial Commission v. Felda Lumber Co., 154 Fla. 507, 18 So.2d 362, we held that a statute of limitations will not be held applicable to claims and demands of the State of Florida unless by the terms of the statute it is made to apply. See Ideal Farms Drainage Dist. v. Certain Lands, 154 Fla. 554, 19 So.2d 234; 53 C.J.S., Limitations of Actions, § 15, page 940; 34 Am.Jur. 300, Sec. 388.
It is contended that the account or claim of the State of Florida against the estate of Dorothy Young, Jr., is barred by Section 733.16, F.S.A. We have examined the contention in light of our holding in Florida Industrial Commission v. Felda Lumber Co., supra, and find no language or reasonable inferences in Section 733.16, supra, that would bar the State of Florida from recovering a judgment for the value of maintaining the incompetent from 1923 until 1936. The language of this Section is not made applicable to the State of Florida. The cited case of General Properties Co. v. Rellim Investment Co., 151 Fla. 136, 9 So.2d 295, has not been overlooked. It is admitted that the State of Florida presented its claim to the administrator and demanded payment within the eight months period.
Counsel for appellant contend (1) that the evidence is legally insufficient to establish the value of the hospitalization rendered Dorothy Young, Jr., from 1923 to 1936 by the Florida State Hospital for the Insane; and (2) that the State of Florida cannot recover because of its unreasonable delay in presenting the claim or account to the administrator and filing suit in the court below. The answer to the first contention is that the court below heard the cause, a jury being waived, and entered judgment for the plaintiff. We find ample evidence in the record to support his conclusions. As to the delay in filing suit, it affirmatively appears that the Board of Commissioners of State Institutions of the State of Florida took the necessary legal action to collect the account immediately upon learning that the incompetent left property out of which the money could be collected.
Affirmed.
ADAMS, C.J., and SEBRING and BARNS, JJ., concur.