PATTERSON, TERRY B., Associate Judge.
This is an interlocutory appeal from an order of the Circuit Court of Hillsborough County denying appellant’s motion for a. decree on the pleadings.
*793 On December 10, 1957 the State filed its complaint in Chancery in the Circuit Court charging that in January, 1951, the State Tuberculosis Board entered into contract with the defendant, May Plumbing Company, by which the latter agreed to install all the plumbing and heating equipment in connection with the construction of Southwest Florida Tuberculosis Sanatorium at Tampa; that the defendant knowingly and wilfully installed materials, fixtures, appliances and appurtenances of inferior quality and grade and of less worth and value than those prescribed by the plans and specifications. The bill charges that the defects in ■construction were latent, hidden and concealed and not discoverable by visual inspection, but that eventually the building ■showed signs of unusual deterioration from mse, leading to the discovery, on or about February 19, 1954, of the defects and deficiencies complained of.
The contract contained a one-year guaranty against defects resulting from use of inferior materials, equipment and workmanship. Under the clause in question and upon notice given within the warranty period, defendant was required without expense to the State to correct all defects, make good all damage to the building resulting therefrom and rectify any work ■or materials or the equipment and contents of the building disturbed in fulfilling the warranty.
The prayer of the complaint was for correction of the work or a money judgment for its cost.
The defendant moved to dismiss the complaint on the grounds that the suit was brought neither within the guaranty period nor within three years of the discovery of the alleged fraud. The motion was denied.
In its answer the defendant denied all charges of fraud and breach of contract; pleaded specially the warranty and the State’s failure to give timely notice thereunder; further pleaded that the fraud, if any, was discovered not later than April 1, 1954, hence the cause of action did not accrue within three years prior to the institution of the suit; and finally the answer adverted to the State’s laches in failing for more than six years to commence the action during which time the death of witnesses, loss of records and material changes in the building prejudiced defendant in ascertaining the truth or falsity of the charges.
Thereafter the defendant moved for a decree on the pleadings asserting the ground that the complaint and answer establish as a matter of law that the State is guilty of laches and estopped to maintain the suit.
The contentions of the appellant are threefold. Appellant argues it is entitled to a decree on the pleadings inasmuch as the pleadings establish with certainty that (a) notice of the action was not given within the one year period provided in the warranty clause, (b) the action was not brought within the three year statute of limitations after discovery of the alleged fraud, and (c) that the State is guilty of laches as a matter of law by the passage of six years before suit was brought.
The State easily meets appellant’s first contention. The suit is in Chancery and alleges fraudulent concealment by the defendant beyond the period of the guaranty. Obviously if this be true, and it must be considered so for the purposes of defendant’s motion, the defendant has no standing in equity to rely as a defense on appellee’s failure to give notice when such failure is caused by defendant’s own fraud.
Defendant’s next contention is that this case is of the nature that might be brought either at law or in equity, and that in such cases of concurrent jurisdiction equity will follow the law with regard to laches and measure laches by the applicable statute of limitation were the action brought at law. On such premise, appellant argues that actions on fraud are governed by the three year statute, Sec. 95,11 (5) (d). This argument inferentially raises a question alluded to later, that is, whether *794 the State, acting through its authorized agencies, is chargeable with laches. Nevertheless it is unnecessary to answer that query here inasmuch as in any event the defendant cannot be aided by a reference to the statutes of limitation for the clear reason that by the provisions of Sec. 95.02 the statute of limitations shall not apply to any action by the State. See Heidt v. Caldwell, Fla., 41 So.2d 303.
The defendant is therefore left with the final and central question whether in this case the facts established by the pleadings fix the State with laches as a bar as a matter of law.
Much argument in the briefs is devoted to the question whether the State is chargeable with laches. Defendant contends that the State in executing the instant contract for construction of a tuberculosis sanatorium was acting in a proprietary capacity and therefore chargeable with laches the same as would a private litigant. The State counters that in constructing a tuberculosis hospital the State is acting in a governmental capacity and is not chargeable with laches. We feel however, that we are not required to settle the argument thus raised. The Chancellor below did not decide whether the State could in this instance be charged with laches. He merely held, and we think rightly, that for the purposes of defendant’s motion for decree on the pleadings all that was established in the pleadings with regard to the charge of laches was the naked passage of time. Though there were allegations in the defendant’s answer of prejudice to the defendant in defending the case, these allegations are presumed denied and do not establish such as facts for the purpose of a motion for decree on the pleadings. There being thus established by the pleadings only the passage of time, the Chancellor found that the defense of laches was not established by the pleadings for the purpose of defendant’s motion. City of Stuart v. Green, 156 Fla. 551, 23 So.2d 831; Bethea v. Langford, Fla., 45 So.2d 496; Wiggins v. Lykes Bros. Inc., Fla., 97 So.2d 273. We think he was correct in so holding.
Affirmed.
KANNER, Acting Chief Judge, and SHANNON, J., concur.