SHANNON, Chief Judge.
This is an appeal from a final order wherein the County Judge found that a claim by the State of Florida against an estate must be filed within the eight-month period provided by F.S. § 733.16, F.S.A.
The claim was filed by the Florida Industrial Commission and was held to be barred on motion to expunge filed by the administrator. The filing of this claim was beyond the period of eight months as provided in the non-claim statute. The wording of the Florida Statute, Sec. 733.16, F.S.A., or so much thereof as is pertinent, reads:
“ * * * Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void even though the personal representative has recognized such claim or demand by paying a portion thereof or interest thereon or otherwise; * *
So, the question posed narrows itself down to a question of whether or not an agency of the State comes within the statute of non-claim. The appellant cites to us as authority the cases of Heidt v. Caldwell, Fla.1949, 41 So.2d 303; Florida Industrial Comm. v. Felda Lumber Co., 1944, 154 Fla. 507, 18 So.2d 362; and United States v. Embrey, 1940, 145 Fla. 277, 199 So. 41. We shall also discuss United States v. Summerlin, 1939, 140 Fla. 475, 191 So. 842, reversed 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283, in a brief review of these cases.
In United States v. Summerlin, supra, the Florida Supreme Court held that a claim filed by the United States Government against the estate of a decedent should be barred as any other claim if not filed within the eight-month period set out in the statute of non-claim. In discussing the statute, the court said:
“This is not a statute of limitations prescribing a period within which a right may be enforced, but it is rather in its nature a statute of non claims for the orderly and expeditious settlement of the estates of decedents. It is in the same category as statutes providing for conveyancing and marketing negotiable instruments, and conducting other business relations. * * * ” [140 Fla. 475, 191 So. 843.]
The Supreme Court of the United States in reversing the Florida court said, in part:
“We hold that the state statute in this instance requiring claims to be filed within eight months cannot deprive the United States of its right to enforce its claim; that the United States still has its right of action against the administrator, even though the probate court is to be regarded as having no jurisdiction to receive a claim after the expiration of the specified period.
“So far as the judgment goes beyond the question of the jurisdiction of the probate court and purports to adjudge that the claim of the United States is void as a claim against the estate of the decedent because of failure to com *428 ply with the statute, the judgment is reversed.” [310 U.S. 414, 60 S.Ct. 1021.]
The appellant cites us to the case of United States v. Embrey, 1940, 145 Fla. 277, 199 So. 41, 42, wherein the United States had filed a claim for income tax assessed against the intestate and had filed its claim with the county judge more than eight months after publication of the first notice to creditors. Our Supreme Court, in an opinion by Mr. Justice Terrell, commented about the Summerlin case and held that:
“The probate judge cannot abrogate jurisdiction vested in him by the Constitution. In a case like this, we think the United States should take its place with all other creditors in like situation but the dominant authority says nay, so we respectfully bow to it and hold it to be the law in this jurisdiction. The effect of this holding is to make the United States an exception to the rule defined by this Court in United States v. Summerlin, supra, but the jurisdiction of the probate judge is in no sense affected.
“It follows that as to all claimants but the United States, if filed after eight months, it would be the duty of the probate judge to declare them void but as to the United States, since it is not bound by laches or State statutes of non claims, it would be his duty to permit them to be filed and considered them along with other claims against the estate. * * * ”
The case of Florida Industrial Commission v. Felda Lumber Co., 1944, 154 Fla. 507, 18 So.2d 362, 364, was not decided under the Florida Probate Law and is not, therefore, authority for the instant question. In the Felda case it was a question of whether or not the state agency could collect from a third person the sum of money which was provided by the Workmen’s Compensation Law. The court held:
“It is nowhere apparent that there is any statute of limitations applicable to the Commission in the exercise of its power to collect the contribution here sought to be enforced. If we had entertained any doubt as to the intent of the Legislature in this regard it should have been removed by the wording of the act. The act provides that the claim for compensation shall be barred unless claim therefor be filed with the Commission within one year after the injury. The State (the Commission) may only collect the contribution of $500 in the event there is no widow or dependents entitled to compensation. Therefore, such contribution may not be enforced until the time shall have expired in which a widow or dependent may appear and make claim for compensation.”
Finally, we shall examine the case of Heidt v. Caldwell, Fla.1949, 41 So.2d 303, 305, wherein the State of Florida sought to recover, under Section 5 of Chapter 4357, Acts of 1895, Laws of Florida, for the maintenance of the deceased while she had been a patient in the State Hospital for the Insane over a thirteen-year period. The court held the estate liable under the 1895 law, cited above, which was said to be controlling in the case. There was also a contention that the State’s claim was barred by F.S. § 733.16, F.S.A., but the court said:
“ * * * We have examined the contention in light of our holding in Florida Industrial Commission v. Fel-da Lumber Co., supra, and find no language or reasonable inferences in Section 733.16, supra, that would bar the State of Florida from recovering a judgment for the value of maintaining the incompetent from 1923 until 1936. The language of this Section is not made applicable to the State of Florida. The cited case of General Properties Co. v. Rellim Investment Co., 151 Fla. 136, 9 So.2d 295, has not been *429 overlooked. It is admitted that the State of Florida presented its claim to the administrator and demanded payment within the eight months period.”
In the annotation in 34 A.L.R.2d 1003, 1010, the following observation is made by the annotator:
“Attention is called to Heidt v. Caldwell (1949, Fla.) 41 So.2d 303, wherein the court stated that no language or reasonable inference in the Florida non-claim statute would bar the state from recovering a judgment against a decedent’s estate for the cost of maintaining a deceased incompetent, since the language of the section was not made applicable to the state. The court, however, noted that it had been admitted that the state had presented its claim to the administrator within the eight-month period required by the statute.”
It is thus apparent that the language of the court, quoted supra, regarding F.S. § 733.16, F.S.A., was not decisive in that case in view of the fact that the State had filed its claim within the eight-month period after publication of notice to creditors. As alluded to above, the controlling law in the Heidt case was, as the court said, Section S, Chapter 4357, Acts of 1895, Laws of Florida, which “ * * * in part provided that incompetents financially able to pay the costs of their maintenance at the Florida State Hospital should be required so to do * * We cannot, therefore, say that the Heidt case is determinative of the point before us in the instant appeal.
F.S. § 733.16, F.S.A. is a statute of non-claim. In re Goldman’s Estate, Fla. 1955, 79 So.2d 846. It is the purpose of this type of statute to provide for the speedy and final determination of decedent’s estate. Bedenbaugh v. Lawrence, 1940, 141 Fla. 341, 193 So. 74. See also State ex rel. Victor Chemical Works v. Gay, Fla.1954, 74 So.2d 560, 46 A.L.R.2d 1340.
Having found no error in the order appealed from, the same is affirmed.
Affirmed.
ALLEN and KANNER, JJ., concur.