WIGGINTON, Acting Chief Judge.
This appeal is from a final order entered by the County Judge of St. Johns County, ■striking a claim filed by the State of Florida against the estate of Bertha Stone Moore. The claim in question was not filed within eight months from the date of the first publication of notice to creditors as required by the statute of non-claim then in effect.[1]
The sole question presented by this appeal is whether the statute of non-claim mentioned above is applicable to claims filed by the State of Florida against estates of decedents. In the Brooks case, the Supreme Court said that: “A statute of nonclaim while partaking of the nature of a statute of limitations is not wholly such. It constitutes part of the procedure of court, the orderly, expeditious, and exact settlement of the estates of decedents, and constitutes part of the procedure which courts must observe in the settlement of estates of deceased persons, and, where no exemption from the provisions of the statute exist, the court is powerless to create one.” [2]
The first decision by our Supreme Court bearing on this issue involved a claim filed by the United States of America against the estate of a decedent which was being probated in Florida.[3] In this case our Supreme Court held that the United States and its agencies are on notice of this statute, and are bound by it to the same extent and in the same manner as other persons are bound. On appeal this decision was reversed by the Supreme Court of the United States, which held in effect that statutes of this character were not applicable to the sovereign, and could not render void a claim held by it merely because it was not filed within the time limited by the statute.[4]
The next appearance of this question before the Supreme Court was in the case of United States v. Embrey.[5] This case likewise involved a claim untimely filed by the United States in the estate of a decedent being administered in Florida. In reversing an order of the county judge striking the claim the Supreme Court called attention to the fact that its decision in Summerlin had been reversed by the Supreme Court of the United States and said: “It follows that as to all claimants but the United States, if filed after eight months, it would be the duty of the probate judge to declare them void but as to the United States, since it is not bound by laches or State statutes of nonclaims, it would be his duty to permit them to be filed and consider them along with other claims against the estate.”
The clear import of the foregoing decisions rendered by our Supreme Court is to the effect that the statute of non-claim here under consideration renders void all claims against an estate of a decedent except claims held by the United States of America, unless such claims are filed within the time limited by the statute.
Appellants contend that the philosophy adopted by the Supreme Court of the United States in the Summerlin case which exempts the sovereign from the requirements of non-claim statutes is equally applicable to claims held by the State of Florida, despite the broad, sweeping language of the opinions rendered by the Florida Supreme Court which lead to a contrary conclusion. Appellants rely in support of their position *295 upon the subsequent decision rendered by the Supreme Court of Florida in the case of Heidt v. Caldwell[6], which it is said represents the last expression of the Supreme Court on this subject and should be controlling in this case. The Heidt case involved a claim by the State of Florida against the estate of a decedent for care and treatment furnished the decedent at Florida State Hospital. The principal defense to the claim was the statute then in effect which provided that after three years from the death of any person, his estate shall not be liable for any obligation or upon any cause of action unless letters testamentary or of administration shall have been taken out within said three years.[7] Although more than three years had lapsed between the death of the decedent and the issuance of letters testamentary in the estate there involved, the Supreme Court held that the statute of limitations did not apply to the sovereign and therefore constituted no defense to the action. In disposing of what appears to be an ancillary contention made by the appellant, the Supreme Court made some vague reference to the statute of non-claim here considered, and stated that the statute was not applicable to the State of Florida and could not bar its right to recover the amount of its claim against the estate of the decedent. The record in that case affirmatively reveals that the claim held by the State was filed within the time limited by the statute of non-claim, so any inference which may be drawn from that opinion to the effect that the statute of non-claim does not apply to claims held by the State of Florida would be obiter dictum and not sufficient to create a departure from the contrary rule of law formerly announced both in Summerlin and Embrey.
The question here presented for our decision was squarely presented to the Second District Court of Appeal in Smith’s Estate.[8] In an able opinion by Judge Shannon the foregoing decisions were carefully analyzed and in conclusion it was held that the statute of non-claim does apply to claims held by the State of Florida in its sovereign capacity, and that if such claims are not filed in the estate within the time limited by the statute they are barred.
On the basis of the foregoing authorities it is our conclusion that the county judge was correct in entering the order appealed, and his decision is hereby affirmed.
Affirmed.
STURGIS, and RAWLS, JJ., concur.

. F.S. § 733.16(1), F.S.A. “Any such claim or demand not so filed within eight months from the time of the first publication of the notice to creditors shall be void. * * ⅜ ”

. Brooks et al. v. Federal Land Bank of Columbia, 106 Fla. 412, 143 So. 749, 753.

. United States v. Summerlin, 140 Fla. 475, 191 So. 842.

. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283.

. United States v. Embrey, 145 Fla. 277, 199 So. 41.

. Heidt v. Caldwell (Fla.1949) 41 So.2d 303.

. F.S. § 734.29, F.S.A.

. In re Smith’s Estate, (Fla.App.1961) 132 So.2d 426.