PEARSON, Judge.
The question to be decided on this appeal is whether a final judgment of foreclosure upon appellee’s complaint left pending appellant-defendant’s counterclaim which sought relief against the plaintiff upon the theory that materials furnished to the foreclosed. property constituted an unjust enrichment to the plaintiff. The order appealed is described in the notice of appeal as “an order removing cause from non-jury trial calendar and amending a Summary Final Judgment.”[1]
*479 A complaint for foreclosure of mortgage was filed by the appellee, Flagler Federal Savings and Loan Association of Miami, against Original Concepts, Inc., a Florida corporation, and numerous other defendants. The appellant, A1 Springer Roofing Co., Inc., subsequently filed an answer to an amended complaint filed by the appellee, and a counterclaim against the appellee, Flagler Federal Savings and Loan Association of Miami. The counterclaim purported to allege an action for unjust enrichment or other equitable relief. In essence, the counterclaim alleged that the appellant had furnished material, labor and services for the improvement of the real property involved, which enhanced its value and increased the value of the appellee’s lien in equity in the property and which would unjustly benefit the appellee in the event it acquired the property through foreclosure. As a result, it was alleged (1) that the appellee would be unjustly enriched unless required to compensate the appellant for the material, labor and services furnished in the event the appellee acquired the property and (2) that the appellant had no adequate remedy at law in connection with this claim for compensation based upon improvement of the real property subject to the foreclosure action. We do not address the legal sufficiency of the counterclaim because that issue was not raised or decided in the trial court.
The appellee filed a reply to the counterclaim of the appellant, and subsequently filed a motion for summary judgment on August 18, 1976, moving the trial court for the entry of a summary judgment under the provisions of Fla.R.Civ.P. 1.510, on the grounds that the pleadings and affidavits on file therein showed that there was no genuine issue of any material fact and that the plaintiff was entitled to a summary judgment as a matter of law. There was no reference in the motion of whether or not it was a motion for summary judgment on the original complaint filed by the appel-lee or whether it was a motion for summary judgment on the counterclaim filed by the appellant. A hearing was held on the motion after proper and due notice and a summary final judgment was entered by the circuit court on the 15th of September, 1976. Pursuant to the provisions of the final judgment, the property described in the complaint and in the mortgage was sold on November 15,1976, to the appellee and a certificate of title was subsequently issued to the appellee on November 30, 1976.
After the sale, the appellant filed a notice for trial on December 21, 1976, stating that its counterclaim was now at issue and ready to be set for non-jury trial. An order was entered by the circuit court setting the counterclaim for trial. Thereafter, the ap-pellee filed a motion to strike the notice for trial, and an order was entered by the circuit court removing the cause from the non-jury calendar and permitting the summary final judgment issued by the court on September 15, 1976, to constitute a final judgment of all matters raised through the complaint and counterclaim filed in this cause.
As pointed out in Shelby Mutual Insurance Co. of Shelby, Ohio v. Pearson, 236 So.2d 1 (Fla.1970), a trial court has no authority to modify or vacate a final order except in the manner and within the time provided by rule or statute. In this case, the order on appeal was entered without a petition for rehearing and after the ten days provided. Thus, if the order modified the final judgment, it was a nullity. On the other hand, if the final judgment, as the court recited, disposed of the counterclaim, then the order did not modify the final judgment but simply corrected the erroneous ex parte order which placed the counterclaim on the non-jury trial calendar.
Did the summary final judgment dispose of the counterclaim? Appellant argues at length that the summary final judgment was erroneous, but that issue is not before us because no appeal was taken from the final judgment. Plaintiff’s motion for sum *480 mary judgment, which is in this record, is not limited to any issue in the case. The judgment entered is in the ordinary form of a final judgment in the foreclosure of a mortgage on real estate, but it is limited in its holding in that,
* ‡ * * * *
“It affirmatively appears from the Affidavit filed by Plaintiff in support of its Motion for Summary Judgment that there is no genuine issue as to any material fact relating to the priority of Plaintiff’s mortgage and to Plaintiff’s entitlement to foreclose said mortgage.”
‡ sf: s(c sft sfc ‡
Two affidavits were filed by plaintiff; neither of these mentions the counterclaim.
In Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., 179 So.2d 414 (Fla. 3d DCA 1965), this court held:
% if: ‡ ‡ *
“An order terminating litigation between one party and another is final as to them notwithstanding that in the same case litigation continues between either of those parties and third persons. Evin R. Welsh & Co. v. Johnson, Fla.App.1962, 138 So.2d 390. But the appositive is also true. An order which does not dispose of the entire claim between the parties is not final. Fountainbleau Hotel Corp. v. Young, Fla.App.1964, 162 So.2d 303.”
We conclude, therefore, that the judgment of foreclosure was not final as between the plaintiff and this appellant-defendant. The order appealed which sought to amend the judgment of foreclosure to make it a final judgment between these parties is not supported by the pleadings, depositions, answers to interrogatories and admissions on file or the affidavits on file. It is erroneous and must be reversed. The portion of the order appealed which removes the counterclaim from the court’s trial calendar is affirmed, inasmuch as the trial calendar is a matter exclusively within the discretion of the trial court.
Accordingly, the order appealed is affirmed in part and reversed in part, and the cause is remanded for further proceedings not in conflict with the views herein expressed.
Affirmed in part, reversed in part and remanded.

. “ORDERED and ADJUDGED that this cause be removed from the non-jury trial calendar of April 4, 1977 at 9:30 A.M.; and it is
“Further ORDERED that the Court hereby acknowledges that the Summary Final Judgment issued by this Court on September 15, *479 1976, in favor of Flagler Federal Savings and Loan Association of Miami in this cause was a Final Judgment as to all matters raised through the Complaint and Counterclaims filed in this cause.”