743 So.2d 83 (1999)
AGENCY FOR HEALTH CARE ADMINISTRATION, Appellant,
v.
In re ESTATE OF Kevin JOHNSON a/k/a Robert Watson, Appellee.
No. 98-963.
District Court of Appeal of Florida, Third District.
September 8, 1999.
Rehearing Denied November 22, 1999.
Moses E. Williams (Tallahassee), for appellant.
Barbara Green, Miami, for appellee.
Before NESBITT, GODERICH, and GREEN, JJ.
GREEN, J.
The Agency for Health Care Administration ("AHCA") appeals an order of the probate court setting aside an order granting enforcement of its lien against the estate of Kevin Johnson a/k/a Robert Watson ("estate") pursuant to section 733.702, Florida Statute (1991). Although AHCA's verified claim for reimbursement of Medicaid expenditures advanced to the decedent was initially filed with the clerk of the court pursuant to the "Medicaid Third-Party Liability Act" ("FTPLA"), section 409.910, Florida Statute (1991), on December *84 21, 1992, and prior to the opening of the estate, we conclude that it was nevertheless a timely creditor's claim also for purposes of section 733.702. We therefore reverse the order under review.

I
In October 1989, the decedent, Kevin Johnson, was hit by an automobile while enrolled in a Dade County after-school program. Kevin sustained severe spinal cord injuries and was treated for approximately twenty-two months at Jackson Memorial Hospital ("JMH"). He was then placed in a personal care facility where he later died on February 18, 1994. During his hospital stay, JMH applied for and received Medicaid payments for medical assistance rendered to Kevin from October 1989 until October 1993. Joanne Adside, Kevin's mother and guardian, filed suit against the Dade County School Board for negligence. This suit was subsequently settled for approximately 2.2 million dollars.
On December 21, 1992, prior to Kevin's death and the opening of the estate, AHCA filed and recorded its initial verified claim of lien totaling $488,442.38 with the clerk of court in Dade County pursuant to section 409.910, Florida Statutes.[1] AHCA's verified substituted claim of lien in the amount of $617,227.94 was subsequently filed and recorded on November 3, 1993. Neither of these claims bears any certificate of service denoting personal service to anyone. Pursuant to section 409.910(6)(c)3,[2] however, the mere filing of such claims with the clerk of court is sufficient to provide all persons with notice of these claims.
When Kevin died in 1994 and his estate went into probate, AHCA filed a formal caveat by creditor in the probate division requesting the clerk to provide it with notice of the probate matters pertaining to the decedent's estate. On May 12, 1994, Kevin's mother (Adside) was appointed personal representative of the estate. Letters of administration were issued to her on August 9, 1994, for her to administer the estate and pay the debts of the decedent. On August 11, 1994, the notice of administration was filed and published in a local newspaper specifically directing all creditors and persons having claims or demands against the decedent's estate to file their claims within three months of the date of the publication of the notice or have their claims forever barred pursuant to section 733.702. Specifically, this statute provides in relevant part that:
733.702 Limitations on presentation of claims.
(1) If not barred by § 733.710, no claim or demand against the decedent's estate that arose before the death of the decedent, including claims of the state and any of its subdivisions, whether due or not, direct or contingent, or liquidated or unliquidated; no claim for funeral or burial expenses; no claim for personal property in the possession of the personal representative; and no claim for damages, including, but not limited to, an action founded on fraud or another wrongful act or omission of the decedent, is binding on the estate, on the *85 personal representative, or on any beneficiary unless filed within the later of 3 months after the time of the first publication of the notice of administration or, as to any creditor required to be served with a copy of the notice of administration, 30 days after the date of service of such copy of the notice on the creditor, even though the personal representative has recognized the claim or demand by paying a part of it or interest on it or otherwise....
* * * * * *
(3) Any claim not timely filed as provided in this section is barred even though no objection to the claim is filed on the grounds of timeliness or otherwise unless the court extends the time in which the claim may be filed. Such an extension may be granted only upon grounds of fraud, estoppel, or insufficient notice of the claims period. No independent action or declaratory action may be brought upon a claim which was not timely filed unless such an extension has been granted. If the personal representative or any other interested person serves on the creditor a notice to file a petition for an extension or be forever barred, the creditor shall be limited to a period of 30 days from the date of service of the notice in which to file a petition for extension.
A copy of this notice was sent by the clerk of court to AHCA on August 11, 1994, pursuant to its formal caveat of creditor. Despite this notice of administration, AHCA did not file an additional creditor's claim pursuant to section 733.702. Instead, some ten months later, AHCA filed a motion for enforcement of lien and substituted claim of lien totaling $697,356.89 in the probate proceeding on July 5, 1995. Thereafter, a hearing was held on August 25, 1995, on AHCA's motion for enforcement of lien before then probate Judge Robert H. Newman. Although provided notice of this hearing, the estate's counsel arrived late and after the court had orally granted AHCA's motion. The estate filed its motion for rehearing on September 13, 1995, three days prior to the court's filing of its written order granting the enforcement of AHCA's lien. In this order, Adside, as the personal representative, was directed to disburse $697,356.89 to AHCA within ten days.
Thereafter, the issue of AHCA's claim and the estate's motion for rehearing basically remained dormant during the pendency of JMH's independent litigation with the school board and Adside and the resulting appeal to this court. See Public Health Trust of Dade County, Florida v. Dade County Sch. Bd., 693 So.2d 562 (Fla. 3d DCA 1996). In July of 1997, AHCA initiated proceedings to have Adside held in contempt of court for her failure to pay the $697,356 .89 in accordance with the court's September 14, 1996 order. By this time, Adside and the estate had secured new counsel who, on September 5, 1997, filed a motion to set aside the order granting enforcement of lien.
In an order dated March 23, 1998, the successor probate judge below set aside the order granting enforcement of AHCA's lien and concluded that AHCA had never filed a timely lien pursuant to section 733.702; therefore, it was forever barred from recouping any payment from the estate. This appeal followed. AHCA argues that the trial court erred because section 733.702 is a statute of limitations and thus, an affirmative defense which has been specifically superseded or abrogated by the Florida Legislature in section 409.910. AHCA further asserts that the estate's motion to set aside the order enforcing lien filed two years after the filing of the order granting enforcement of lien was untimely and the court below lacked jurisdiction to entertain the same.

II
We elect to address AHCA's arguments in inverse order and begin with the issue of the timeliness of the estate's motion for rehearing and/or its substituted *86 motion to set aside order granting enforcement of lien. A trial court has no authority to modify or vacate a final order except in the manner and within the time frame provided by rule or statute. See Al Springer Roofing Co., Inc. v. Flagler Fed. Sav. and Loan Assoc. of Miami, 357 So.2d 478, 479 (Fla. 3d DCA 1978). A motion for rehearing of a probate order or judgment is specifically provided for in Rule 5.020(d) of the Florida Rules of Probate Procedure:
Rehearing. A motion for rehearing of any order or judgment shall be served not later than 10 days after the date of filing the order or judgment with the clerk as shown on the face of the order or judgment.
It is axiomatic, of course, that an authorized and timely motion for rehearing suspends rendition of an order until the court has disposed of the motion for rehearing. See Fla. R.App. P. 9.020(h); Shelby Mut. Ins. Co. of Shelby, Ohio v. Pearson, 236 So.2d 1, 3 (Fla.1970); Kippy Corp. v. Colburn, 177 So.2d 193, 197 (Fla.1965); Zimbrick v. Zimbrick, 453 So.2d 1155, 1157 (Fla. 4th DCA 1984).
The estate timely perfected its motion for rehearing within the ten day period prescribed by rule 5.020(d). The fact that it was filed prior to the filing of the order to which it was directed did not, we think, affect its validity. See generally Zimbrick, 453 So.2d at 1158 (stating that "[n]othing in the language of Rule ... requires that a motion be invalidated simply because it bears an earlier time stamp than the final order to which it is directed."). Although the practice of moving for rehearing prior to the actual entry of an order or judgment might be unusual, there is nothing in the language of Rule 5.020(d) which invalidates the estate's motion for rehearing simply because it bears an earlier time stamp than the final order to which it is directed. Having timely perfected its motion for rehearing, we are aware of no rule which thereafter precludes the estate from amending its motion prior to its consideration by the court. Thus, we find no merit to AHCA's contention that the court below lacked jurisdiction to entertain and grant the estate's motion to set aside the order granting enforcement of lien and we turn our attention to the remaining and central issue of this appeal.

III
AHCA maintains that section 733.702 is a statute of limitations and thus, an affirmative defense which has been specifically abrogated by section 409.910(1), Florida Statutes (1997). Section 409.910(1) provides in relevant part that:
* * * * * *
If benefits of a liable third party are available, it is the intent of the Legislature that Medicaid be repaid in full and prior to any other person, program, or entity. Medicaid is to be repaid in full from, and to the extent of, any third-party benefits, regardless of whether a recipient is made whole or other creditors paid. Principles of common law and equity as to assignment, lien, subrogation, comparative negligence, assumption of risk, and all other affirmative defenses normally available to a liable third party, are to be abrogated to the extent necessary to ensure full recovery by Medicaid from third-party resources; such principles shall apply to a recipient's right to recovery against any third party, but shall not act to reduce the recovery of the agency pursuant to this section.... It is intended that if the resources of a liable third party become available at any time, the public treasury should not bear the burden of medical assistance to the extent of such resources. ... (emphasis added)
The estate, however, counters that section 733.702 is a jurisdictional non-claim statute which bars any untimely claim against the estate and thus, cannot be abrogated by section 409.910.
It is axiomatic, however, that the courts must presume that statutes are passed with knowledge of prior existing *87 statutes and where possible, it is the duty of the courts to favor a construction that gives a field of operation to all rather than construe one statute as being meaningless or repealed by implication. See Oldham v. Rooks, 361 So.2d 140, 143 (Fla.1978); Woodgate Dev. Corp. v. Hamilton Invest. Trust, 351 So.2d 14, 16 (Fla.1977). Therefore, whenever possible, courts must attempt to harmonize and reconcile two different statutes to preserve the force and effect of each. See Unruh v. State, 669 So.2d 242, 245 (Fla.1996) (stating that "[t]his follows the general rule that the legislature does not intend `to enact purposeless and therefore useless legislation.'") (citation omitted). There must be hopeless inconsistency before rules of construction are applied to defeat the plain language of one of the statutes. See Starr Tyme, Inc. v. Cohen, 659 So.2d 1064, 1068 (Fla.1995).
In accordance with these established principles, we deem it unnecessary for us to consider whether section 733.702 of the probate code is a statute of limitations which has been abrogated by section 409.910 of the FTPLA because we conclude that these statutes may be reconciled to give effect to the intent and provisions of each in this case. When so harmonized, we find that AHCA's verified claim, initially filed on December 21, 1992, pursuant to section 409 .910(6)(c)2, was sufficient to timely perfect its lien against the estate pursuant to section 733.702. Both sections 409.910 and 733.702 require AHCA to file its verified claim of lien in order to place all interested persons on notice of its creditor's lien. Although section 409.910 requires the claim to be filed with the clerk of the court, section 733.702(1) is silent as to where a creditor's verified claim is to be filed in order to be perfected. By rule, however, the Florida Supreme Court has prescribed that a creditor's statement of claim against an estate pursuant to section 733.702(1) be verified and filed with the clerk of court and states the following:
(1) the basis for the claim;
(2) the amount claimed;
(3) the name and address of the creditor;
(4) the security for the claim, if any; and
(5) whether the claim is due or involves an uncertainty and, if not due, then the due date and, if contingent or unliquidated, the nature of the uncertainty.
Fla. Prob. R. 5.490. We further note that neither section 409.910 nor 733.702(1) requires personal service of the verified creditor's lien upon anyone to be effective. The probate rules, however, require the creditor filing a claim pursuant to section 733.702 to also furnish the clerk with an additional copy of its claim for the clerk to mail to either the personal representative or the attorney for the personal representative. See Fla. Prob. R. 5.490(b),(c). But it is specifically provided in the probate rules that the failure to deliver or receive a copy of the claim does not affect the validity of the creditor's claim. See id. at (d).
In this case, since AHCA has had its verified and recorded claim on file with the clerk of court pursuant to section 409.910 since December 21, 1992, and prior to the expiration period contained in section 733.702, we believe that the real and dispositive issue on this appeal is whether the section 409.910 claim was sufficient to satisfy the requirements of section 733.702. We conclude that it was. In reviewing the contents of AHCA's 1992 verified claim of lien and the subsequent amendments thereto, we find that it fulfilled all of the requirements of rule 5.490(a).[3] Thus, having filed and perfected its claim of lien with the clerk of court prior to the time limitations contained in section 733.702, AHCA is entitled to have its lien satisfied. Were we to discount AHCA's verified *88 claim of lien filed and recorded with the clerk on December 21, 1992, we would effectively be invalidating the provisions of section 409.910 or rendering them utterly meaningless. This we will not do absent clear legislative intent. See Unruh, 669 So.2d at 245; Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla.1992); Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107, 1111 (Fla.1980); Cilento v. State, 377 So.2d 663, 666 (Fla.1979).
Accordingly, we reverse the order setting aside the order granting enforcement of AHCA's lien and striking AHCA's statement of claim as untimely for purposes of this probate proceeding and remand for further proceedings.
Reversed.
GODERICH, J., concurs.
NESBITT, J. (dissenting and concurring):
I agree with the result but not the reasoning of the court.
I cannot subscribe to the view that section 732.102 or section 733.710 may be harmonized with and construed pari materia with section 409.910, Fla. Stat., so as to afford notice to the personal representative. There are really two parts to this analysis.
First, section 709.910 creates and establishes AHCA's right to a lien upon a Medicaid recipient's property. Section 733.710 is generally designed to limit, reduce, extinguish or nullify all claims so as to hasten the closing of a decedent's estate. It cannot be logically harmonized with section 409.910 because the purpose of each is opposite to the other. They are plainly inconsistent. Secondly, it is true that section 733.702 does not direct a creditor to the proper court in which to file a claim. Nonetheless, Florida Probate Rule 5.490(e) makes it perfectly plain that the claim must be filed with the clerk of the division of the court responsible for administering probate.
Under the test announced in Kush v. Lloyd, 616 So.2d 415 (Fla.1992), section 733.710 constitutes a non-claim statute or a "statute of repose." This is because section 733.702(5) expressly prohibits any court from granting an extension of the time to file a claim against the decedent's estate on any grounds including fraud, estoppel or insufficient notice of the claim beyond two years following the death of the decedent. § 733.710(1), Fla. Stat. In other words, the two-year rule is an absolute bar to the filing of any creditor's claim, whether or not the estate was probated. Statutes of repose may even cause a claim to be extinguished before it is discovered or before it ever exists, because such statutes generally begin to run from the date of a discrete act on the part of the defendant. See Kush, 616 So.2d at 418 (citing W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 30, at 168 (5th ed. 1984)). Section 733.702 contains other provisions which, if complied with, reduce the time period for the filing of the creditor's claim, but any extended discussion as to whether section 733.710 is a Statute of Limitations or a Statute of Non-claim is entirely irrelevant to a proper resolution of this case. In a word, that is because sections 733.702(4)(a) and 733.710(3) exclude a "security interest, or other lien" on the property of a decedent. In the alternative, by operation of the Federal Supremacy Clause, enforcement of this claim is mandated.
In this case, the Medicaid liens were perfected by the filing of a claim and an amended claim in the Official Records Book of the Clerk of the Circuit Court of the General Jurisdiction Division before the decedent's estate was opened. As a result of this lien held by AHCA, all of the court's reasoning is rendered moot and its legal skirmishing is obviated.
The nature of the "lien" perfected was for Medicaid. Medicaid is established to provide payment of medical costs for the needy or indigent. It is administered by *89 the Social Security Administration according to whether a State's per capita income is equal to, greater than, or less than the national average. See 42 C.F.R. § 433.10(b). The minimum federal share paid is 50%, while the maximum federal share paid is 83%. A state's participation with the Social Security Administration is entirely voluntary, but once the state has made the election to participate, then the Social Security Act and Regulations entirely govern and control Medicaid funds. Public Health Trust of Dade County v. Dade County School Board, 693 So.2d 562 (Fla. 3d DCA 1996). In Florida, the Agency for Health Care Administration disburses both the federal grant as well as the state's matching funds to individuals who establish the need. This same agency is also responsible and mandated to collect or recoup any or all funds contributed, especially where third-party benefits are anticipated by the recipient or the recipient's representative. See 42 C.F.R. § 433.10. See also § 409.910(a)(25)(I), Fla. Stat. It is settled that a federal claim is entirely unaffected by the non-claim statute. See United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); Ruza v. Ruza's Estate, 132 So.2d 308 (Fla. 3d DCA 1961). As a result, in order for AHCA to collect the federal monies advanced to the decedent, it was not even necessary that the "lien" be filed in the Official Records Book.
The more interesting question then is what happens to the monies contributed by the State of Florida to the decedent/Medicaid recipient? By the usual rules, the Statute of Non-claim bars those liens held by the State in its sovereign capacity, In Re: Moore's Estate, 145 So.2d 293 (Fla. 1st DCA 1962), cert. denied, 153 So.2d 819 (Fla.1963); as well as against state agencies, In Re: Smith's Estate, 132 So.2d 426, (Fla. 2nd DCA 1961). None of the decided cases, however, deal with the rights and remedies regarding state monies advanced which were entirely and exclusively governed by the federal statutes and federal regulations. A reading of the federal statutes makes plain that the State's contribution to a Medicaid recipient is entirely "federalized" and is therefore endowed with the same prerogatives by the Supremacy Clause which protect the federal government. See 42 C.F.R. § 433.10; § 409.910, Fla. Stat.
Medical providers are paid by AHCA. The providers have no authority to settle Medicaid claims; only the agency does. See § 409.910, Fla. Stat. When a recipient or the recipient's representative becomes aware of possible third-party claims, that person is required to notify the agency. See § 409.910(17), Fla. Stat. So long as the beneficiary or recipient of Medicaid funds is alive, the recipient or his representative will deal directly with the agency. However, when a recipient dies, the statutory scheme contemplates that the personal representative will deal and settle directly with the agency without the benefit of the probate court's authority.
Nonetheless, it is a sound practice when the agency learns that a Medicaid recipient has died expecting to receive third-party benefits that it file a creditor's caveat in the county of the person's domicile. Upon notification by the Clerk of the Probate Court that a decedent's estate has been opened, the agency should timely file its claim with the Clerk of the Probate Court as required by Florida Probate Rule 5.490. The filing of such a claim (although not necessary) will afford the agency, as well as the personal representative or other interested parties, a forum in which to enforce or litigate the Medicaid claim.
I therefore agree with the court that the agency is entitled to collect from the personal representative, or any other beneficiary or transferee, the full and entire amount of the Medicaid lien (both state and federal parts).
NOTES
[1] Section 409.910 provides in relevant part:

(6)(c) The department is entitled to, and has, an automatic lien for the full amount of medical assistance provided by Medicaid to or on behalf of the recipient for medical care furnished as a result of any covered injury or illness for which a third party is or may be liable, ... [.]
1. The lien attaches automatically when a recipient first receives treatment for which the department may be obligated to provide medical assistance under the Medicaid program. The lien is perfected automatically at the time of attachment.
2. The department is authorized to file a verified claim of lien.... The claim of lien may be filed and recorded with the clerk of the circuit court in the recipient's last known county of residence or in any county deemed appropriate by the department.
[2] That section provides that:

The filing of the claim of lien pursuant to this section shall be notice thereof to all persons.
[3] Even if it did not, the probate court had discretion to allow it to be amended by AHCA at any time. See Fla. Prob. R. 5.490(e).