**ABBIE LOUISE MORROW, et vir, etc., et al., v. THE AMERICAN OIL COMPANY, a corporation under the laws of Maryland.**

15 So. (2nd) 847                           June Term, 1943
December 14, 1943                              Division A

*Elliott Adams,* for appellants.

*Howell, McCarthy, Lane & Howell,* for appellee.

CHAPMAN, J.:

This appeal presents for adjudication the question of the amount of land intended to be demised, and described in a written lease from the owner (D. C. Kinlaw) to The American Oil Company under date of March 31, 1937. The involved buildings are located on Lot 8 of North Half of Lot 9, Block 19, Temple's Addition to the City of Starke, being at the Southwest intersection of Tenth and Temple Streets. The property, since 1932, was used as an oil and gasoline service station. The written lease described 42 feet East and West by 75 feet North and South, and the lower court held that the description intended by the parties was erroneous.

Counsel for appellant contends here that 36.75 feet East and West only were demised by the written lease, but the chancellor, from all the evidence adduced by the parties, made findings of fact on the amount of land intended to be demised and on final hearing decreed that 52 feet and five inches were demised rather than 36.75 feet, and by an appropriate decree reformed the lease, based upon the testimony, so as to conform to the intentions of the parties. The American Oil Company, lessee, since 1932, is shown to have been in possession of the easterly 54 feet, which includes the store room, hall and rest rooms, but the lessee permitted the owner to rent

described portions of the building during the period or until the rented portions were needed by the lessee. The reformed lease dated March 31, 1937, was to include the property occupied from 1932 until the date of giving the lease in 1937.

The evidence discloses that no friction developed as to the amount of land demised during the life of the lessor, nor until about two years after his death, when raised for the first time by the legal representative of the owner of the property, and it was called to the attention by a Mr. Dinkins, a witness to the instrument. It was here contended that the 42 feet East and West, as described in the written lease, were controlling but the evidence adduced is convincing that the 54 feet East and West should have been described by the terms of the written lease. We find in the record substantial evidence to support the findings and conclusions of the chancellor in the evidence adduced.

We have given careful consideration to the evidence and exhibits appearing in the transcript; the briefs of the parties have been studied and the authorities cited have been examined and we have heard able oral argument at the bar of this Court by counsel for the parties. It is our conclusion that substantial evidence appears in the record to sustain the findings and conclusions of fact as expressed in the final decree by the chancellor below and we are without authority to interfere with the challenged decree. See Budd v. J. Y. Gooch Co., Inc., 151 Fla. 262, 9 So. (2nd) 633.

The decree appealed from accordingly is hereby affirmed. It is so ordered.

BUFORD, J. C., TERRELL and ADAMS, JJ., concur.