PER CURIAM.
Appellants, Senior Citizens Protective League, Inc., et al., who were plaintiffs below, seek review of a chancellor’s order dismissing a complaint for injunction and other relief, which prayed for mandatory and prohibitory injunctive orders compelling the appellees-defendants below, constituting the County Commissioners of Dade County, Florida, and the County Manager, to set special elections on the same date on separate and distinct proposals for amending the Home Rule Charter of Dade County, Florida, and to enjoin and restrain the ap-pellees from holding such special elections on different dates.
The complaint alleged, among other things, that the appellees, who were the Board of County Commissioners of Dade County, Florida, had set a special election to amend the Home Rule Charter for August IS, 1961, while there was pending for certification by the administrative officials of the county an initiatory petition to amend the Charter. It was further alleged that among the provisions of the amendment proposed by the initiatory petition was. one which would accomplish the same purpose as the amendment proposed to be voted' upon in the August IS, 1961 special election;, that if an election was called on the initiatory petition and it was not set on August IS, 1961 in conjunction with the amendment proposed by the Board of County Commissioners, the taxpayers of Dade County,. Florida, would be put to the additional expense of a special election. It should be noted that the complaint failed to allege that any of the appellees were acting without the express provisions of the Charter. To the contrary, the complaint disclosed that the appellees, who are the Board of County Commissioners of Dade County, Florida, were exercising certain legislative or political discretion within the framework of the Charter in the calling of a special election to determine the will of the people on a proposed amendment thereto. Upon application for temporary injunction, the chancellor set the matter for hearing before *239 him at which hearing the appellees-defend-ants filed a motion to dismiss, answer, and a motion for a decree on the pleadings. Following said hearing, the chancellor granted the motion to dismiss and entered an order dismissing the complaint with prejudice on June 14, 1961. It is from this order that this appeal has been prosecuted. After it was lodged in this court the appellants moved to advance the cause, which was done, and this matter was set for hearing on July 21, 1961.
In his order dismissing the complaint, the learned chancellor said the following:
“ * * * The Court finds and adjudicates that, under the circumstances, no justification exists for judicial coercion of the Board of County Commissioners in the lawful exercise of its legislative discretion in calling and fixing the dates for the elections on the proposed charter amendments involved in this cause. See Broward County Rubbish Contractors Association v. Broward County, Fla.App.1959, 112 So.2d 898, and the cases therein cited.”
On examining the record, with benefit of briefs and oral argument, it is our conclusion that the ruling of the chancellor was correct. The Dade County Home Rule Charter provides that in setting an election on any proposed amendment to the Charter, the Board of County Commissioners must set said election in not less than 60 days nor more than 120 days from either a resolution adopted by the Board proposing an amendment, or receipt of an initiatory petition certified in an appropriate manner proposing an amendment. Within the permissible 60-day period prescribed by the time limitation, the Board of County Commissioners, in their discretion as the legislative body of the county, may set such election which may not be interfered with by the courts without a showing of fraud, corruption, gross abuse of discretion, etc. See City of Deland v. Fearington, 108 Fla. 498, 146 So. 573; 11 Fla. Jur., Elections, § 42; 17 Fla.Jur., Injunctions, § 52. The complaint filed by the appellants failed to allege facts which brought their action .within the exceptions to this general rule. For the court to interfere, by either a mandatory or prohibitory injunction, with the discretion that the Board of County Commissioners exercise within the confines of their authority would be an invasion by the judiciary of a legislative function. See City of Miami Beach v. Schauer, Fla.App.1958, 104 So.2d 129; Joughin v. Parks, 107 Fla. 833, 143 So. 145, 306, 147 So. 273; 12 Fla.Jur., Equity, § 35.
The mere additional expense that might be entailed as a result of a second special election is not in and of itself grounds for interference by the courts with legislative action. The recourse for extravagant spending by officials within the scope of their authority should be redress at election time and not through litigation. See Broward County Rubbish Contractors Association v. Broward County, Fla.App. 1959, 112 So.2d 898; Town of Riviera Beach v. State, Fla.1951, 53 So.2d 828.
The appellants can take no comfort from the provision of the Home Rule Charter providing that special elections for the passage or repeal of ordinances should be set by the Board preferably in conjunction with an election already scheduled, which they alleged and argued should be applied here. This is clearly permissive and not mandatory. Further, this section of the Charter is applicable only to initiative and referendum proposals relating to ordinances, and not to amendments to the basic Charter, provision for which is contained in another section.
Therefore, the order of dismissal with prejudice is affirmed.
Affirmed.