BARKDULL, Judge.
The appellants, as property owners, filed a complaint to prevent forcible eviction and trespass, quiet title, etc., against the appellee, Metropolitan Dade County, Florida, attempting to relieve their land from certain claims of the County that it was possessed of a right-of-way to build canals across their property. The chancellor, upon final hearing, upheld the rights of the County and entered a final decree dismissing the complaint.
The record reveals the following circumstances : In 1908, the Trustees of the Internal Improvement Fund of the State of Florida conveyed to one Richard J. Bolles certain lands in southern Florida, including the land in question in the instant cause, and reserved to the State of Florida the following rights in said land:
“SAVING AND RESERVING unto the said, the Trustees of the internal Improvement Fund of the State of Florida, and their successors, the right at any time to enter upon the said lands and make or cause to be made and constructed thereon such canals, cuts, sluice-ways, dikes and other works as may in the judgment of the said Trustees, or their successors, be necessary and needful for the drainage or reclamation of any of the lands granted to the State of Florida, by Act of Congress, approved September 28th, 1850, and to take from the said lands hereby conveyed and to use such gravel, stone or earth as may, in the judgment of the said Trustees, or their successors, be necessary to use in the making and construction of said canals, cuts, sluice-ways, dikes and other works upon said lands for the purposes aforesaid.”
[Hereinafter referred to as the “Bolles Reservation”.]
Thereafter, because of the failure of the successors in title to the property to pay the taxes levied against said property, it reverted to the State of Florida pursuant to the provisions of Ch. 18296, Laws of Fla., Acts of 1937, F.S.A. § 192.35 note, 192.36-192.38, known as the Murphy Act. In 1941, the Trustees of the Internal Improvement Fund of the State of Florida, pursuant to authority under the Murphy Act, deeded the land involved to the appellants’ predecessors in title. The property was subsequently conveyed to the appellants in 1942 and they have owned, occupied, improved and paid taxes on the land since that date.
In 1949, the Legislature created the Central and Southern Florida Flood Control District [Chs. 25209 and 25214, Acts of 1949, F.S.A. § 378.01 et seq. and 378.01 note], which has been held to be the successor to the purposes of the Internal Improvement Fund in carrying forth land reclamation within the district and the “Bolles Reservation”. Albury v. Central and Southern Florida Flood Control District, Fla.App.1957, 99 So.2d 248. In 1958 and 1960, the Trustees of the Internal Improvement Fund conveyed their rights in reservation [retained under the Bolles deed] to the Central and Southern Flood Control District in the property involved in the instant proceedings. Thereafter, the Central and Southern Flood Control District executed an instrument purporting to convey these rights in reservation to Dade County for canal and levee purposes, including a specific right-of-way over the property involved herein. The County, acting upon its alleged authority under the instruments purporting to convey to it the rights in reservation, notified the appellants in November, 1960 that it was possessed of the above described reservation and that it intended to exercise its rights, *214 by constructing a canal 130 feet in width on both the north and east sides of the appellants’ property. As a result of this notice, the appellants [as plaintiffs] filed a complaint to prevent forcible eviction and trespass, to quiet title and clear title, etc. They contended, among other things, that having acquired fee simple title to the land in question from the State of Florida under the Murphy Act, the reservation contained in the Bolles deed was extinguished upon the theory of merger of estates or, if the reservation was still valid, that the Statute of Limitations prevents its enforcement, or that the State or its successors were estopped following the issuance of the deed under the Murphy Act to urge the validity of the “Bolles Reservation” against this particular property. The chancellor found that there was no merger of estates and that the Statute of Limitations was not applicable, and rendered a final decree adverse to the appellants and dismissed the cause with prejudice.
This appeal has been prosecuted from that final decree. The appellants have assigned error, urging that there was a merger when, under the Murphy Act, the land reverted to the Trustees, the Trustees then being possessed of both the reservation and the fee estate; that if the reservation is not extinguished because of merger, the Statute of Limitations prevents the enforcement against the property; or that the State and its successors are es-topped to assert rights in the reservation against this particular property because of the fact that the State of Florida, through the Trustees of the Internal Improvement Fund, issued a deed to the appellants’ predecessors in title under the Murphy Act without a mention of the reservation.
The first two points urged by the appellants are found to be without merit. It is apparent from the face of the deed that the trustees did not convey any greater estate than they received under the Murphy Act. Therefore, there was no merger of estates. As to the second point, the Statute of Limitations is not applicable to the State. Florida Industrial Commission v. Felda Lumber Co., 154 Fla. 507, 18 So.2d 362; Ideal Farms Drainage District v. Certain Lands, 154 Fla. 554, 19 So.2d 234; Heidt v. Caldwell, Fla. 1949, 41 So.2d 303; Gay v. Inter-County Tel. & Tel. Co., Fla.1952, 60 So.2d 22; 21 Fla.Jur., Limitations of Actions, § 82; § 95.02, Fla.Stat., F.S.A. It appears that the third point of estoppel, urged by the appellants, is applicable in the instant case against the State of Florida and its successors to the rights in reservation reserved in the Bolles-deed. The Supreme Court of Florida has held that when the State of Florida issues-a deed under the Murphy Act it issues a deed in fee simple. June Sand Co. v. Devon Corp., 156 Fla. 519, 23 So.2d 621. The grantees under a Murphy deed are entitled to rely on the conveyance from-the trustees as being a conveyance in fee simple, unless otherwise noted on the instrument. Particularly is this true when, relying on the title received from the State through the trustees, the grantees or their successors change position, such as making improvements and paying taxes. The supreme court has further held that the trustees are estopped to question the validity of a title which has been issued pursuant to the Murphy Act. Trustees of Internal Improvement Fund v. Bass, Fla.1953, 67 So.2d 433. In the cited case, it was apparent that the property in question should never have been placed upon the-tax rolls and, therefore, never subject to-reverting to the State under the Murphy Act. However, when it was deeded out under the Murphy Act and the grantees- and successors had fenced the land, improved it in other respects and had paid' all taxes thereon, the trustees were held estopped to assert any title adverse to the property owner. Certainly if the doctrine of estoppel is applicable in a case where the property was on the tax rolls through error and reverted to the State for delinquent taxes and was subsequently deeded out through the Murphy Act, the doctrine is applicable in a case where the *215 property was legitimately on the tax rolls and reverted to the State and then deeded out under the Murphy Act.
The court of its own motion required additional briefs and argument on the right of the Central and Southern Flood Control District to deed the “Bolles Reservation” to the County, and the right of the County to accept the reservation and the purported transfers of the rights-of-way involved. However, in view of our conclusions on the errors alleged by the appellants, it is not necessary to determine these questions, and this opinion is not to be taken as either approval or disapproval of the purported transfer of the rights in reservation between Central and Southern Flood Control District and Metropolitan Dade County. Therefore, we hold that the Trustees of the Internal Improvement Fund and any of its successors, including Dade County if it be a successor [which we do not here hold] be and they are es-topped from asserting any rights in reservation arising from the “Bolles Reservation” against the, prQperty owned by the appellants and described in the complaint in this cause.
Reversed and remanded for further proceedings not inconsistent with this opinion.