## DADE COUNTY v. LAMB, et al.
### No. 62-C-11382.

Circuit Court, Dade County.
February 26, 1963.

Darrey A. Davis, County Attorney, for plaintiff.

George C. Simpson, Hudson, McNutt, Campbell & Isom, Miami, for defendants.

GRADY L. CRAWFORD, Circuit Judge.

This cause came on for final hearing upon the issues raised by the complaint, answer and counterclaim, and reply to the counterclaim. The court has heard the testimony, and has considered the evidentiary exhibits, and has had the benefit of argument by counsel for the respective parties.

This cause involves a determination of the extent of the respective rights of the litigants in respect to the public and private use of a portion of the Coral Gables Canal. The county seeks injunctive relief requiring the defendants to remove obstructions placed in such canal which prevent the flow of waters, and enjoining defendants from interfering with the maintenance and cleaning of the canal by the county. The defendants contend they are entitled to control the use of the portion of the canal owned by them, and they seek to compel the county to remove and relocate a salt barrier facility placed at a publicly owned location in the canal, which is claimed to adversely affect the defendants' water rights and property.

There is no disagreement that the Coral Gables Canal (or the portion thereof involved in this controversy) is presently in a deplorable condition and badly in need of maintenance and cleaning work for protection of the public health, safety and welfare. The parties are in disagreement as to the cause for such condition. The county declares that it is prepared to rectify such condition immediately if permitted to do so.

The court finds from the testimony and evidence that the Coral Gables Canal, extending from the Ta-Miami Canal to Biscayne Bay, constitutes an integral part of the established and approved county-wide system of primary drainage and water control facilities developed and operated in joint cooperation between the federal government, the Central and Southern Florida Flood Control District and Dade County for the purpose of removal of surplus water in time of flood and the distribution of the available supply of fresh ground water in dry times. Salinity dams have been placed in all of the canals comprising the primary water control system for Dade County including the Coral Gables Canal, as a water conservation measure to prevent overdrainage, and intrusion of salt water along the canal channels and consequent contamination of the fresh ground water which is the source of all public and private water supply. The salinity dam in the Coral Gables Canal affords protection to the Alexander Orr well

field operated by the city of Miami, as well as the fresh ground water supply westerly thereof.

The Coral Gables Canal has been utilized for more than 35 years for drainage, water control and water conservation purposes as an integral part of the primary county-wide system. The canal is publicly owned, except for a portion thereof extending from the vicinity of the Palmetto Expressway to S. W. 62nd Avenue. Title to this middle section of the Coral Gables Canal has been reserved by the defendant, Biltmore Village, Inc. and has never been dedicated to the public use. The defendants are assessed county taxes on this section of the canal. The county has periodically maintained and cleaned the section of the canal owned by the defendant continuously since 1949 until recently when the defendants refused to permit further maintenance work on such section of the canal. Moreover, the defendants constructed a dam across the canal which prevents the flow of all water, and the defendants also obstructed drainage facilities constructed by the State Road Department to control the flow of water from the Palmetto Expressway into the Coral Gables Canal. These obstructions were placed in the section of the canal owned by the defendants. The testimony and evidence establishes that such dam has adversely affected the salinity controls and jeopardizes the well fields operated by the city of Miami, and has been a contributing factor to the present condition of the canal.

It is universally held as a general principle of the law of waters governing water courses that the proprietor below has the right to receive from the proprietor above the usual flow of water substantially undiminished in quantity, and that the upper proprietor has no right unreasonably to interrupt or obstruct the natural flow of water to the injury of the lower proprietor. Tampa Water Works Co. v. Cline, 37 Fla. 586, 20 So. 780, 33 L.R.A. 376; and 56 Am.Jur., Waters, 13-24. The ownership of the canal channel or water course through which the water flows does not of itself vest the owner with the legal right to obstruct or cut off the flow of water unreasonably. In this instance, the public health and welfare require that the natural flow of water should not be unnecessarily stopped or obstructed, particularly since the canal has served as an integral part of the primary water control system of the county for more than the prescriptive period of twenty years.

The defendants indicate that one of the purposes for their obstructing the Coral Gables Canal was to compel the county to remove and relocate the salinity facility constructed some seventeen years ago downstream from the defendants' property. There is no question that the county is vested with lawful power to construct,

maintain and operate salinity dams as part of its authority to provide water control and conservation programs. Since the legal power exists to provide salinity controls, the court may not substitute its judgment for that of the county officials in respect to the propriety of the location of such facility. The wisdom or policy of official action of a public body may not be a predicate for injunction when the action taken does not involve illegality or a palpable use of authority amounting to illegality. A difference or variance in opinion or judgment is never a sufficient ground for interference by the court. Senior Citizens Protective League, Inc. v. McNayr, Fla. App. 1961, 132 So.2d 237; and Broward County Rubbish Contractors Assoc. v. Broward County, Fla. App. 1959, 112 So.2d 898.

The court finds and determines that the equities of this cause are with the plaintiff and that the plaintiff is entitled to the relief prayed for in its complaint, and the defendants have failed to establish that they are entitled to the relief prayed for in their counterclaim.

Accordingly, it is ordered, adjudged and decreed as follows —

The defendants are mandatorily enjoined and required forthwith to remove all obstructions placed by the defendants in the Coral Gables Canal, including the earthen dam and the obstruction blocking the drainage facilities constructed by the State Road Department for drainage of the Palmetto Expressway, and to cause the free flow of water to be restored in the same manner that existed prior to the placing of such obstructions in the canal by the defendants.

The defendants, and their agents, servants, employees, successors and assigns, and all persons claiming by, through or under the defendants, are hereby permanently enjoined and restrained from in anywise obstructing, impeding or interfering with the free flow of water in the Coral Gables Canal, or any portion thereof, by the placing of any artificial structure in the canal channel that will unreasonably or permanently prevent the normal flow of water therein.

The defendants are hereby further enjoined and restrained from interfering with the periodic maintenance, care and cleaning of the Coral Gables Canal by the county. The county shall have the right to enter upon the section of the canal owned by the defendants, and abutting lands, at all reasonable times and with due care, for the purpose of cleaning and maintaining the canal and keeping such drainage facility free of growth and obstructions.

The court hereby retains jurisdiction of this cause for the purpose of enforcing the mandatory provisions of this final decree, and for the purpose of fixing the amount of costs, upon motion and notice, which are hereby taxed against the defendants.