159 So.2d 477 (1964)
J.J. LAMB and Biltmore Village, Inc., a Florida corporation, Appellants,
v.
DADE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 63-151.
District Court of Appeal of Florida. Third District.
January 14, 1964.
George C. Simpson; Hudson, McNutt, Campbell & Isom, Miami, for appellants.
Darrey A. Davis, County Atty. and William W. Gibbs, Asst. County Atty., for appellee.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
PER CURIAM.
The appellants, defendants in the trial court, appeal an adverse final decree which required them to remove certain obstructions placed in a canal and enjoined them from further interfering with the normal flow of the water in the canal, and granted *478 the appellee the right to enter upon the waterway [which existed upon a private right-of-way] and upon private abutting land for the purpose of cleaning same. Said decree also denied the appellants' effort to require the county to remove a dam which it had erected downstream in the canal approximately 17 years earlier. In his final decree, the chancellor made the following findings of fact and adjudications in part:
"* * *
"This cause involves a determination of the extent of the respective rights of the litigants in respect to the public and private use of a portion of the Coral Gables Canal. The County seeks injunctive relief requiring the defendants to remove obstructions placed in such canal which prevent the flow of waters, and enjoining defendants from interfering with the maintenance and cleaning of the canal by the County. The defendants contend they are entitled to control the use of the portion of the canal owned by them, and they seek to compel the County to remove and relocate a salt barrier facility placed at a publicly owned location in the canal, which is claimed to adversely affect the defendants' water rights and property.
"There is no disagreement that the Coral Gables Canal (or the portion thereof involved in this controversy) is presently in a deplorable condition and badly in need of maintenance and cleaning work for protection of the public health, safety and welfare. The parties are in disagreement as to the cause for such condition. The County declares that it is prepared to rectify such condition immediately if permitted to do so.
"The Court finds from the testimony and evidence that the Coral Gables Canal, extending from the Ta-Miami Canal to Biscayne Bay, constitutes an integral part of the established and approved county-wide system of primary drainage and water control facilities developed and operated in joint co-operation between the Federal Government, the Central and Southern Florida Flood Control District, and Dade County for the purpose of removal of surplus water in time of flood and the distribution of the available supply of fresh ground water in dry times. Salinity dams have been placed in all of the canals comprising the primary water control system for Dade County, including the Coral Gables Canal, as a water conservation measure to prevent overdrainage, and intrusion of salt water along the canal channels and consequent contamination of the fresh ground water which is the source of all public and private water supply. The salinity dam in the Coral Gables Canal affords protection to the Alexander Orr well field operated by the City of Miami, as well as the fresh ground water supply westerly thereof.
"The Coral Gables Canal has been utilized for more than 35 years for drainage, water control and water conservation purposes as an integral part of the primary county-wide system. The canal is publicly owned, except for a portion thereof extending from the vicinity of the Palmetto Expressway to S.W. 62nd Avenue. Title to this middle section of the Coral Gables Canal has been reserved by the defendant, Biltmore Village, Inc. and has never been dedicated to the public use. The defendants are assessed County taxes on this section of the canal. The County has periodically maintained and cleaned the section of the canal owned by the defendant continuously since 1949 until recently when the defendants refused to permit further maintenance work on such section of the canal. Moreover, the defendants constructed a dam across the canal which prevents the flow of all water, and the defendants *479 also obstructed drainage facilities constructed by the State Road Department to control the flow of water from the Palmetto Expressway into the Coral Gables Canal. These obstructions were placed in the section of the canal owned by the defendants. The testimony and evidence establishes that such dam has adversely affected the salinity controls and jeopardizes the well fields operated by the City of Miami, and has been a contributing factor to the present condition of the canal.
"It is universally held as a general principle of law of waters governing water courses that the proprietor below has the right to receive from the proprietor above the usual flow of water substantially undiminished in quantity, and that the upper proprietor has no right unreasonably to interrupt or obstruct the natural flow of water to the injury of the lower proprietor. Tampa Waterworks Co. v. Cline, 37 Fla. 586, 20 So. 780, 33 L.R.A. 376; and 56 Am. Jur., Waters, 13-24. The ownership of the canal channel or water course through which the water flows does not of itself vest the owner with the legal right to obstruct or cut off the flow of water unreasonably. In this instance, the public health and welfare require that the natural flow of water should not be unnecessarily stopped or obstructed, particularly since the canal has served as an integral part of the primary water control system of the County for more than the prescriptive period of twenty years.
"The defendants indicate that one of the purposes for their obstructing the Coral Gables Canal was to compel the County to remove and relocate the salinity facility constructed some seventeen years ago downstream from the defendants' property. There is no question that the County is vested with lawful power to construct, maintain and operate salinity dams as part of its authority to provide water control and conservation programs. Since the legal power exists to provide salinity controls, the Court may not substitute its judgment for that of the County officials in respect to the propriety of the location of such facility. The wisdom or policy of official action of a public body may not be a predicate for injunction when the action taken does not involve illegality or palpable use of authority amounting to illegality. A difference or variance in opinion or judgment is never a sufficient ground for interference by the Court. Senior Citizens Protective League, Inc. v. McNayr, Fla.App. 1961, 132 So.2d 237; and Broward County Rubbish Contractors Assoc. v. Broward County, Fla.App. 1959, 112 So.2d 898.
"The Court finds and determines that the equities of this cause are with the plaintiff and that the plaintiff is entitled to the relief prayed for in its complaint, and the defendants have failed to establish that they are entitled to the relief prayed for in their counterclaim.
"ACCORDINGLY, IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:
"1. The defendants are mandatorily enjoined and required forthwith to remove all obstructions placed by the defendants in the Coral Gables Canal, including the earthen dam and the obstruction blocking the drainage facilities constructed by the State Road Department for drainage of the Palmetto Expressway, and to cause the free flow of water to be restored in the same manner that existed prior to the placing of such obstructions in the canal by the defendants.
"2. The defendants, and their agents, servants, employees, successors and assigns, and all persons claiming by, through or under the defendants, are hereby permanently enjoined and restrained from in anywise obstructing, impeding or interfering with the free *480 flow of water in the Coral Gables Canal, or any portion thereof, by the placing of any artificial structure in the canal channel that will unreasonably or permanently prevent the normal flow of water therein.
"3. The defendants are hereby further enjoined and restrained from interfering with the periodic maintenance, care and cleaning of the Coral Gables Canal by the County. The County shall have the right to enter upon the section of the canal owned by the defendants, and abutting lands, at all reasonable times and with due care, for the purpose of cleaning and maintaining the canal and keeping such drainage facility free of growth and obstructions."
"* * *"
The findings of fact made by the chancellor are supported by the evidence and, therefore, same should not be interfered with by an appellate court. See: Morrow v. American Oil Company, 153 Fla. 765, 15 So.2d 847; Means v. Bateman, Fla. 1949, 39 So.2d 478; Davis v. Levin, Fla.App. 1962, 138 So.2d 351. His conclusions of law, based upon said findings, have not been demonstrated to have been in error and, therefore, his conclusions are hereby approved. See: Lamson v. Martin, Fla.App. 1958, 104 So.2d 117; Rowland v. McCall, Fla.App. 1960, 118 So.2d 846. In Paragraph 3 of the final decree, the chancellor granted the appellee the right to go upon the private waterway and the abutting land for the purpose of maintaining a free flow of water in the canal. Such a right is recognized under the authority of Nixon v. Welch, 238 Iowa 34, 24 N.W.2d 476; 11 Fla.Jur., Easements and Licenses, § 35; 17A Am.Jur., Easements, § 130; 169 A.L.R. 1147 and cases cited therein. However, in exercising this right, the appellee will, of course, be liable for any damage done to the real property and improvements which abut the canal.
Affirmed.
TILLMAN PEARSON, Judge (concurring in part and dissenting in part).
I concur in the decision and the opinion except for the last sentence. It is my view that in exercising the rights discussed, the County would be liable only for unnecessary damage done to the adjacent property. See cases cited in 17A Am.Jur., Easements, § 130 nn. 16 & 17 (1957).
Further I doubt the necessity for the attempt to fix these rights on this appeal.