PER CURIAM.
This is a motion by the appellees for leave to file an independent action to reexamine prior decisions of this court in the same action.[1] Oral argument has been heard on the motion.
This cause has been before the court on three occasions.[2] This court had, prior to these decisions, held in Albury v. Central and Southern Florida Flood Control District, Fla.App.1957, 99 So.2d 248, that certain reservations contained in a deed dated May 28, 1910, from the Trustees of the Internal Improvement Fund to one Bolles, were an easement “created by words of expressed reservation * * * ” and that said reservations constituted an inseparable incident and burden upon the land. In effect we held that the reservations were valid and their assignment by the Trustees of the Internal Improvement Fund to the Central and Southern Florida Flood Control District was likewise valid. Substantially the same conclusion was reached in the cases cited in footnote 2.
The burden of the movants’ petition now is that they have become aware of the case of Holmberg v. Hardee, 90 Fla. 787, 108 *291 So. 211, which they contend establishes dates on which the original agreement between the Trustees of the Internal Improvement Fund and Bolles terminated. In addition, it is urged that this court’s opinions in the cases cited in footnote 2 are in conflict with this court’s subsequent holding in Rotolante v. Metropolitan Dade County, Fla.App.1962, 143 So.2d 212, that a legal fraud has been perpetrated on the movants and that since the decision in Rotolante v. Metropolitan Dade County, supra, they have deeded a right of way in fee simple to the Central and Southern Florida Flood Control District.
We have carefully examined the case of Holmberg v. Hardee, supra, relied upon by the movants, and fail to find in it any statement or conclusion that is inconsistent with the conclusions reached in the prior cases. Likewise, an explanation of the holding in Rotolante v. Metropolitan Dade County, supra, as it allegedly conflicts with the prior decision of this court in Albury v. Central and Southern Florida Flood Control District, supra, has been noted in a petition for rehearing in that case. The law of this case was long ago laid to rest in Central & Southern Florida Flood Control District v. Dupuis, Fla.App. 1958, 105 So.2d 36, and confirmed in the subsequent cases cited. We have not been cited any valid reasons, factual or otherwise, why those decisions which have long since passed into legal repose should now be re-examined in an independent action. More important, we point out that the question would now appear to be moot, assuming arguendo that any valid reasons for re-examination existed. Title to the property in question has now passed from the movants to the Central and Southern Florida Flood Control District which in turn has renounced by quit claim deed any other or further rights in the movants’ property.
Accordingly, the motion for leave to file an independent action is denied.

. See State ex rel. Central and Southern Florida Flood Control District v. Anderson, Fla.App.1968, 157 So.2d 140.

. Central & Southern Florida Flood Control District v. Dupuis, Fla.App.1958, 105 So.2d 36; Central & Southern Florida Food Control District v. Dupuis, Fla.App. 1959, 109 So.2d 596; Central & Southern Florida Flood Control District v. Dupuis, Fla.App.1960, 123 So.2d 34.