PER CURIAM.
This is an appeal by the plaintiffs below from an adverse decree in a suit against Dade County seeking damages for an alleged wrongful taking of real property. The county answered, and the cause was heard by the chancellor who found for the defendant and dismissed the cause with prejudice.[1]
The material facts were stated in the decree, which contained findings of fact and conclusions of law, as follows:
“Plaintiffs by an action at law alleged that in November, 1962, defendant without right or title dug a canal across *598 a part of their property, destroying a culvert which afforded access to their property. Plaintiffs also alleged that in August, 1962, they purchased from the State ‘any rights in reservations that might have been applicable’ to their property. Plaintiffs alleged that these acts resulted in damage to them of $50,000 and prayed that a jury be empaneled to fix their compensation.
“On defendant’s motion to dismiss, the cause was transferred to the equity side, see State Road Department v. Harvey, Fla.App.1962, 142 So.2d 773, to determine if there was in fact a taking of plaintiffs’ property by defendant. The complaint was amended and defendant answered.
“On May 12, 1964, the cause was heard upon all issues except damages, it having been orally stipulated previously by the parties before the Court that proof as to damages would be resolved by a jury on a subsequent date, in the event that the Court concludes that plaintiffs are entitled to recover damages from defendant.
“The Court finds that when plaintiffs first acquired an interest in the land in question on May 7, 1951, by an unrecorded assignment of a contract for a deed, a canal running east and west across the northerly portion of plaintiffs’ tract with a center-line seventy-two feet south of plaintiffs’ northern boundary was already in existence. There was also of record an easement across this property for canal purposes reserved in a conveyance from the Trustees of the Internal Improvement Fund to Bolles. This easement, so far as is pertinent to this cause, was duly conveyed of record by the Trustees to the Central and Southern Florida Flood Control District in 1959 and by the District to Dade County a few days later. The three instruments are Defendant’s Exhibit A. The excavation complained of lies wholly within the North 130 feet of the tract, the areai subject to the County’s easement for canal purposes. During August, 1962, defendant cleaned out the existing canal, but the Court finds that the defendant has done nothing which it would not have had the right to do under its easement. Albury v. Central and Southern Florida F.C.D., Fla.App. 1957, 99 So.2d 248.
“On August 13, 1962, plaintiffs secured a quit-claim deed from the Trustees ‘subject to limitations and conditions of record, if any.’ This instrument could not and did not eliminate or diminish in any way the easement of record which had vested of record in defendant three years earlier. Plaintiffs contend that Rotolante v. Dade County, Fla.App.1962, 143 So.2d 212, is decisive. The case is inapposite here, first, because a quit-claim deed, unlike an unrestricted Murphy deed, is notice to the grantee that his title is subject to prior conveyances or encumbrances. See Pierson v. Bill, Fla.1938 [133 Fla. 81], 182 So. 631, 634-635. Secondly, the Court finds that in this case, unlike Rotolante, plaintiffs did not change their position in reliance upon the quit-claim deed. The instant case is controlled by Albury. See also Central and Southern Florida F.C.D. v. Dupuis, Fla.App.1964, 162 So.2d 289.
“Because of the conclusions above expressed, it is unnecessary to resolve alternative defenses interposed by the County. However, the Court finds from the evidence that the County acquired a prescriptive easement for this canal by virtue of Section 6, Chapter 20647, Laws of Florida, 1941, and Section 3, Chapter 28556, Laws of Florida, 1953. See also Lamb v. Dade County, Fla.App.1964, 159 So.2d 477.
“In August, 1962, defendant removed a culvert across the canal which afford *599 ed access from a road north of the canal to plaintiffs’ tract south of the canal. The culvert was installed by-plaintiff without the permit required by County Ordinance 61-16 (Defendant’s Exhibit H) after the regulation became effective. Before this suit was filed and during the proceedings before the Court, defendant offered to replace the culvert without expense to plaintiffs as soon as plaintiffs execute the required application for the permit. * * ”
The contentions presented in appellants’ brief are that the record does not •show the county to be entitled to its claimed prescriptive canal easement across plaintiffs’ property, and that the instant case is governed by this court’s decision in Rotolante v. Metropolitan Dade County, Fla.App.1962, 143 So.2d 212. On neither of those contentions are appellants entitled to prevail, and we affirm the decree on authority of Albury v. Central & Southern Florida Flood Control Dist., Fla.App. 1957, 99 So.2d 248; Central & Southern Florida Flood Control Dist. v. Dupuis, Fla.App. 1958, 105 So.2d 36; and Central & Southern Florida Flood Control Dist. v. DuPuis, Fla.App. 1964, 162 So.2d 289.
The case of Rotolante v. Metropolitan Dade County, Fla.App.1962, 143 So.2d 212, is distinguishable on the facts, and is not applicable. Here, as in Rotolante, we do not decide whether the “Bolles Reservation” could legally and effectively be transferred by the Central & Southern Florida Flood Control District to the County. That precise question was- not raised below or briefed in argument, and its determination is not material to our decision on this appeal.
Affirmed.

. In the final decree it was held “that plaintiffs have failed to sustain their allegations and the defendant, Dade County, has no liability for compensation or damages to plaintiffs either for the excavation of the canal in question, the cleaning of that canal or its continued maintenance within the North 130 feet of Section 15, Township 52 South, Range 40 East.”