## PALLADENO v. DADE COUNTY, et al.

No. 76-5473.

Circuit Court, Dade County.

February 29, 1976.

Allen L. Jacobi of Jacobi & Seidler, Miami, for the plaintiff.

Stuart L. Simon, County Attorney, Alan J. Kan, Assistant County Attorney, for the defendants.

FREDERICK N. BARAD, Circuit Judge.

*Final judgment:* This cause having come on to be heard upon plaintiff's petition for permanent injunction, and the court having heard argument of counsel and being otherwise fully advised in the premises, finds as follows —

Plaintiff, Donald J. Palladeno, is now and at all times mentioned herein has been a resident, taxpayer and qualified elector of Dade County.

On or about December 16, 1975 defendants Stephen P. Clark, Clara Oesterle, Harvey Ruvin, Sidney Levin, Neil Adams, Beverly Phillips, Harry P. Cain, Sandy Rubinstein and James Redford, acting in their official capacities as the board of county commissioners of Dade County, adopted Resolution Nos. R-1307-75 and R-1308-75 in accordance with the applicable provisions of the Dade County Home Rule Charter and Code of Ordinances. Those resolutions required defendant, Joyce V. Dieffenderfer, in her official capacity as the supervisor of elections of Dade County to place before the electorate of Dade County the following proposed amendment to the charter of Dade County —

SHALL THE CHARTER BE AMENDED TO PROVIDE FOR ANNUAL SALARIES FOR THE MAYOR AND COUNTY COMMISSIONERS IN ACCORDANCE WITH STATE LAW INSTEAD OF $6,000 PER YEAR?

Defendant, Joyce V. Dieffenderfer, in her official capacity, thereupon caused to be printed ballots, regular and absentee, for the use and purpose of placing said charter amendment before the electorate of Dade County on March 9, 1976. The proposed amendment has been duly advertised in the newspapers of Dade County as required by law; voting machines have been set up containing the proposed amendment; and on February 23, 1976 absentee ballots containing the amendment were mailed to the electors of Dade County who had requested them.

On February 20, 1976, some two months after the adoption of said resolutions, and after the ballots containing the proposed amendment had been printed, and after the proposed amendment had been duly advertised, and while absentee ballots were being prepared to be mailed out, and just seventeen days prior to the election, plaintiff filed the instant action requesting this court to permanently enjoin the defendants from submitting the proposed amendment to the electorate of Dade County in the election to be held on March 9, 1976, or any election held in lieu thereof.

The plaintiff has stipulated that the defendants were exercising their legislative discretion within the framework of the Charter of Metropolitan Dade County in the calling of the election to determine the will of the people on the proposed amendment, *Senior Citizens Protective League, Inc.* v. *McNayr*, 132 So.2d 237 (3rd D.C.A. Fla. 1961); *City of Miami Beach* v. *Smith*, 251 So.2d 290 (3rd D.C.A. Fla. 1971); *Dade County* v. *Dade County League of Municipalities*, 104 So.2d 512 (Fla. 1958); *Adams* v. *Gunter*, 238 So.2d 824 (Fla. 1970).

Plaintiff however, contends that the proposed amendment and ballot title are insufficient and defective in that they are not complete enough to convey to the electorate of Dade County an intelligible idea of the scope and import of the proposed law; and that if the proposed amendment appears on the ballot at the March 9, 1976, election it will result in substantial injury to the public generally.

Where a public body has exercised its discretionary powers within the laws affecting them, as is the case herein, courts will not ordinarily assume jurisdiction or exercise their power to interfere with such public bodies.

As stated in Broward County Rubbish Ass'n. v. Broward County, 112 So.2d 898 (2nd D.C.A. Fla. 1959) at page 903 — "Courts will not determine whether or not the action is wise, economical or advantageous . . . If they [public bodies] exercise their powers foolishly or unwisely, the recourse of their constituents is to the ballot box and not to the courts."

Because the plaintiff waited until just seventeen days before the election is to be held — over two months after the couny commission adopted the resolutions — and after all ballots had been printed and voting machines set up, the court finds and determines that this cause is barred by the doctrine of laches. Therefore, the court does not deem it necessary to determine whether the proposed amendment could have been stated in another manner. The court further finds and determines that any benefit which might

accrue to the plaintiff would be inconsequential compared to the damage and expense which Dade County would suffer. The Supreme Court in *Bronson* v. *Bd. of Public Instruction of Osceola County,* 145 So. 833 (Fla. 1933), stated —

> "This court is committed to the doctrine that extraordinary relief [injunction] will not be granted . . . if the granting of such relief in the particular case would result in confusion and disorder, and would produce an injury to the public which outweighs the individual right of the complainant to have the relief he seeks."

This court can hardly visualize any situation which fits the above-quoted language of the Supreme Court more aptly than the instant one. Accordingly, plaintiff's petition for a permanent injunction is denied.