Ms. Karen O. Gaffney Hernando County School Board 452 Pleasant Grove Road Inverness, Florida 34452
Mr. Robert Bruce Snow Hernando County Attorney 20 North Main Street, Room 462 Brooksville, Florida 34601
Dear Ms. Gaffney and Mr. Snow:
On behalf of the Hernando County School Board and the Hernando Board of County Commissioners, respectively, you ask the following question:
Where a school board has elected to levy a sales surtax subject to voter approval pursuant to section 212.055(7), Florida Statutes, does the school board or the governing body of the county have the authority to determine the date for a referendum?
In sum:
As the Legislature has imposed on the board of county commissioners the responsibility of placing the issue on the ballot, it appears that the county commission would set the date for the referendum. The county, however, should work together with the school board to determine a date that is amenable to both governmental entities.
Section 212.055(7), Florida Statutes, authorizes the school board of each county to levy a discretionary sales surtax at a rate not to exceed 0.5 percent. The levy must be made pursuant to a school board resolution that is conditioned to take effect only upon approval by a majority vote of those county electors who vote in a referendum on the matter. In addition, the resolution must
"set forth a plan for use of the surtax proceeds for fixed capital expenditures or fixed capital costs associated with the construction, reconstruction, or improvement of school facilities and campuses which have a useful life expectancy of 5 or more years, and any land acquisition, land improvement, design, and engineering costs related thereto."[1]
Neither the proceeds of the surtax nor any accrued interest may be used for operational expenses. If the sales surtax is approved by the electorate, it is effective "on the first day of any month, as fixed by the resolution adopted pursuant to paragraph (a), but may not take effect until at least 60 days after the date of approval by the electors of the resolution[.]"[2]
According to your letter, the Hernando County School Board wishes to levy a school capital outlay surtax pursuant to section212.055(7), Florida Statutes. An issue, however, has arisen regarding the respective authority and responsibility of the school board and the board of county commissioners. The school board, which wishes to place the issue on the ballot during the September primary, contends that it has the authority to establish the date of the referendum. The county commissioners, however, wish to have the issue placed on the November general election ballot. While acknowledging that it is obligated to place such a referendum on the ballot, the county commission argues that it has the authority to determine the date of the referendum.
Subsection (b) of section 212.055(7) provides in part:
"The resolution shall include a statement that provides a brief and general description of the school capital outlay projects to be funded by the surtax. The statement shall conform to the requirements of s. 101.161 and shall be placed on the ballot bythe governing body of the county. . . ." (e.s.)
In In re Advisory Opinion to the Governor,[3] the Supreme Court of Florida considered whether the Governor, who had the authority to call a special election, also had the authority to fix the date of that election. The Court responded by stating that inasmuch as the statute made it the Governor's clear mandatory duty to call a first primary election, it also imposed upon him the duty of fixing in his call the date of such primary election. Florida courts have recognized that those officers responsible for setting the date of a special election may exercise some discretion in setting such dates.[4]
An examination of the legislative history surrounding the amendment of section 212.055, Florida Statutes, to authorize school districts to levy an optional sales surtax failed to reveal the intent of the Legislature on this issue.[5] Unlike other statutes that clearly authorize a school district to call a referendum or to direct the county commission to call such an election,[6] section 212.055(7), Florida Statutes, merely provides that the governing body of the county is responsible for placing the resolution on the ballot. It is a responsibility that cannot be avoided.[7] However, the statute is silent regarding which election must include the referendum question, but rather imposes on the board of county commissioners, as the governing body of the county, the duty and responsibility of placing the issue on the ballot.
It is a general rule of statutory construction that where the statute imposes a duty upon a public officer, it also confers by implication such powers as are necessary for the due and efficient exercise of those powers.[8] Inasmuch as the Legislature has imposed the responsibility on the board of county commissioners to place the issue of the discretionary sales surtax on the ballot and absent legislative or judicial clarification, I am of the opinion that the board of county commissioners sets the date for the referendum. It should be recognized, however, that it is the school board, not the county, seeking to impose the surcharge and, accordingly, the board of county commissioners should work together with the school board to determine a date that is amenable to that governmental entity. Moreover, in light of the controversy that this issue appears to have engendered, you may wish to seek judicial or legislative clarification.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 212.055(7)(d), Fla. Stat.
[2] Section 212.055(7)(c), Fla. Stat.
[3] 60 So.2d 285 (Fla. 1952).
[4] Cf., Senior Citizens Protective League, Inc. v. McNayr,132 So.2d 237, 239 (Fla. 3d DCA 1961) (Within the permissible 60-day period prescribed by the time limitation, the Board of County Commissioners, in their discretion as the legislative body of the county, may set such election which may not be interfered with by the courts without a showing of fraud, corruption, gross abuse of discretion, etc.).
[5] See, Senate Staff Analysis and Economic Impact Statement on SB 562, dated March 20, 1995.
[6] See, e.g., s. 236.39, Fla. Stat., authorizing the school board to order that an election be held in the district to approve bonds; s. 236.31, Fla. Stat., authorizing the school board to direct the county commission to call an ad valorem tax millage election.
[7] See, Florida Tallow Corporation v. Bryan, 237 So.2d 308
(Fla. 4th DCA 1970) (The word "shall" when used in statute has, according to normal usage, a mandatory connotation). Cf., Andersonv. Town of Largo, 169 So.2d 481 (Fla. 1964) (if officials do refuse to call an election, a court under its general equity powers can direct compliance with the legislative mandate);Williams v. Keyes, 186 So. 250 (Fla. 1938).
[8] See, e.g., In re Advisory Opinion to the Governor,60 So.2d 285 (Fla. 1952); State ex rel. Martin v. Michell, 188 So.2d 684
(Fla. 4th DCA 1966), cert. discharged, 192 So.2d 281 (Fla. 1966);Peters v. Hansen, 157 So.2d 103 (Fla. 2d DCA 1963).