BARKDULL, Judge.
The appellants seek review of a final order dismissing their complaint with prejudice. The action sought to claim care and maintenance charges against the appellees, pursuant to § 394.22(13), Fla.Stat., F.S.A.
Appellee Mae Wiggin was committed to the State hospital on March 31, 1936, pursuant to a lunacy decree which ordered her guardianship estate to pay $10.00 per month toward her care and maintenance. Said amount has been paid and is still being paid. Effective August 1, 1955, the State Legislature enacted § 394.22(13), Fla.Stat., F.S.A., permitting reasonable charges on expenses for care of incompetents to be charged against an incompetent’s estate. Pursuant to § 394.22(13), Fla.Stat., F.S.A., the appellants filed the instant suit seeking to charge Mae Wig-gin’s estate for the reasonable charges for her care from August 1, 1955 to date of the suit. The appellees answered and moved to dismiss the complaint for failure to state a cause of action. After hearing, the trial court found the statute upon which the complaint was based was not in effect when Mae Wiggin was admitted to the hospital and, therefore, is not applicable. Based on that finding, the trial court entered the order appealed herein.
At the time the incompetent was committed, there was no statute providing that the State could recover reasonable costs for care and maintenance. Without such being in effect on the date of the adjudication of incompetency, there is no cause of action by the State pursuant to a statute enacted after the party [who is committed] whose estate is to be charged was declared incompetent. See: Heidt v. Caldwell, Fla.1949, 41 So.2d 303; Warren v. Pope, Fla.1953, 64 So.2d 564; Warren v. Rhea, Fla.1953, 64 So.2d 567.
Therefore, the order here under review be and the same is hereby affirmed.
Affirmed.