BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, reported at 258 So.2d 340. The decision sought to be reviewed conflicts with Kirk v. Wiggin, 242 So.2d 725 (Fla.App. 3rd 1971), giving this Court jurisdiction under § 4, Article V of the Florida Constitution, F.S.A.
The facts are undisputed. Charles F. Ji-merson was adjudged mentally incompetent and admitted to the Florida State Hospital for the Insane at Chattahoochee on May 14, 1935. He remained at the hospital until the time of his death on January 16, 1971. At his death, Maude Harrell, petitioner herein, was appointed administratix of his estate. Respondent herein filed its claim for the cost of care, maintenance and treatment furnished the decedent while a patient at the State Hospital.
The trial court disallowed the claim relying on the case of Kirk v. Wiggin, supra, wherein it was held that if there was no statute providing for the State to recover reasonable costs for care and maintenance at the time the incompetent was admitted, there could be no charge against the estate of the incompetent by virtue of a subsequent statute.
On appeal, the District Court of Appeal, First District, in the decision here for review, reversed the trial court stating: “We regretfully are impelled to take a position of disagreement with our sister court of appeal in its decision rendered in Kirk v. Wiggin. . . . ”[1]
The Statute in question, Florida Statutes § 394.22(13) F.S.A., became effective August 1, 1955 and provides in pertinent part as follows:
“Reasonable charges and expenses for the care, maintenance and treatment of committed incompetents under any provision of this Section and reimbursement for such charges and expenses that may be advanced by the State or any political subdivision thereof, shall be a lawful charge against the person and estate or property, real, tangible or intangible, of said incompetent in this' state. Such charges and expenses may lawfully be paid from the estate of the said incompetent by any authorized personal representative, parent, or legal guardian of said incompetent; provided, however, that the payment thereof, in advance or otherwise, shall never be a prerequisite to the care, maintenance and treatment of any committed incompetent under any circumstances whatsoever.”
The District Court reviewed the history of the foregoing Act and considered au *153 thorities in Florida and elsewhere holding that recovery can be had with respect to persons committed prior to the passage of the Statute and as to claims due at the time of its passage as well as those to become due thereafter, stating:[2]
“A careful examination of the above-quoted statute, under which appellant asserts its claim, reveals no language or provision which can be construed as expressing a legislative intent to exempt from the financial obligations imposed by the statute all persons admitted to state hospitals prior to the enactment thereof. Admittedly, an insane person committed to a hospital in Florida prior to the enactment of the 1955 statute could not be charged nor his estate burdened with the expense of his care and maintenance incurred prior to the time the statute became a law. We are concerned, however, only with the question of whether solvent incompetent persons committed as patients to state hospitals prior to the enactment of the statute are liable for the reasonable cost of care and maintenance thereafter furnished to them.
j{í jjt ‡
“In reaching our conclusion it should be emphasized that we are not giving a retroactive effect to the statute in question but, on the contrary, are giving it a prospective application only. Any mental incompetent, whether solvent or insolvent, who was committed to a state mental institution prior to August 1, 1955, enjoyed a financial windfall for all expenses incurred by the state in furnishing him care and maintenance prior to August 1, 1955. This fortuitous circumstance does not create in him a vested right to continuous free care and support for the remainder of his life. Since the enactment of the 1955 statute, such previously committed patient should and must be placed on the same basis as any other solvent incompetent who is thereafter committed to the same institution and is receiving the same care, maintenance, and treatment. So long as each is financially able to pay the reasonable cost incurred on his behalf at the hospital, he should be required to do so without discrimination or arbitrary differences in their status as paying or nonpaying patients. To hold otherwise would be to create an artificial and unreasonable classification between equally solvent patients, giving rise to a violation of the due process and equal protection clause of our state and federal constitutions.”
We agree. The District Court of Appeal, First District, has correctly decided the cause and its decision is adopted as the decision of this Court.
Accordingly, the writ of certiorari heretofore issued in this cause, is discharged.
It is so ordered.
ROBERTS, Acting C. J., and ERVIN, McCAIN and DEKLE, JJ., concur.

. Department of Health & Rehabilitative Serv. v. Harrell, 258 So.2d 340, 344 (Fla.App. 1st 1972).

. Id. at 341, 344.